### NOLAND ET AL. vs. LOCK.

1. The Orphans' Court has not the power to vacate a judgment for costs as to one party, and adjudge them against the other, at a term of the court subsequent to that at which the judgment was rendered.

Error to the Orphans' Court of Pickens. Tried before the Hon. Lemuel A. Gilkey, Judge.

On the 19th November 1846, the defendant in error contested the will of Philip Noland, deceased, and having failed, judgment was rendered against him in favor of the plaintiffs in error, the executors, for the costs of the proceeding. On the second Monday in May 1848, the defendant in error moved the court "to re-tax the cost in the matter of the probate of Philip Noland's Will, heretofore taxed against him as contestant, so as to tax said cost against the executors of the estate," &c. The court granted the motion, and ordered "that the costs, heretofore adjudged against said Locke, be taxed against the estate of Philip Noland, and paid by the executors." To this the executors excepted, and now assign it as error.

J. L. MARTIN, for plaintiff in error.

PECK, for defendant:

1. The Orphans' Court may set aside a probate of a will previously granted, and consequently it may set aside the order for costs—the greater certainty includes the lesser. 6 N. S. 166.

2. The Orphans' Court is sub modo a court of equity, and necessarily exercises a discretion as to costs.

3. A motion to re-tax costs, may be made at a subsequent Term. 3 Porter, 335.

4. On this subject see 11 N. S. 12; 12 do. 473; 5 do. 517; 8 do. 79; 11 do. 615.

5. A decree for costs merely, will not be reversed.

DARGAN, J.—In support of the judgment of the Orphans' Court, it is contended, that this was a mere motion to re-tax the cost, and not a motion to set aside a judgment rendered at a previous Term. A motion to re-tax the cost of a suit is simply a motion to correct a ministerial act of the clerk, or officer whose duty it is to tax the cost; but here the defendant in error did not move to have any mistake of the clerk corrected in taxing the cost, but by his motion, he asked the court to alter the judgment for cost and to render judgment against the other party; in one word, he asked the court to release him from the cost altogether, although judgment for cost had been rendered against him, and to impose it on his adversary. Instead of being a motion to re-tax cost for a mistake of the clerk, it clearly is a motion to alter the final judgment, that had been rendered at a previous Term, which cannot be done.

The court erred in granting the motion, and the judgment must be reversed.