LEVI B. MASTICK *et als.* CONSTITUTING THE BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO *v.* WILLIAM H. THORP.

PURCHASE OF PROPERTY PENDING AN ACTION TO RECOVER POSSESSION OF IT.— One who buys land during the pendency of an action to recover possession of it, in which his grantor is a defendant, may thereafter continue the defense in the name of his grantor, or may cause himself to be substituted in his place.

GRANTING A NEW TRIAL IN AN ACTION AT LAW BY A COURT OF EQUITY.—A Court of equity will not grant a new trial in an action at law where the applicant

knew of the rendition of the judgment against him in the law action in time to have moved for a new trial in the law Court.

WHEN COURT OF EQUITY WILL ORDER A NEW TRIAL IN A LAW ACTION.—A party cannot maintain an action in a Court of equity to set aside a judgment against him rendered in a Court of law and obtain a new trial without showing that he had no opportunity to move for a new trial in the law Court, by reason of some mistake, accident, or surprise, unaccompanied by any fault or negligence on his part.

SAME.—Courts of equity will not interfere and set aside a judgment at law, except when it has been obtained by fraud, or through some accident or mistake, without *laches* on the part of the party complaining, and after all remedy at law has been lost.

SAME.—One who buys land during the pendency of an action against his grantor to recover possession of it, with a notice of the suit, and neglects to defend it until judgment is obtained against his grantor, and then neglects to move for a new trial, cannot obtain a new trial in a Court of equity.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendant appealed from an order denying his motion to dissolve a preliminary injunction which had been granted at the commencement of the action.

The other facts are stated in the opinion of the Court.

*Pixley & Smith*, and *A. B. Bates*, for Appellant, cited *Peabody* v. *Phelps*, 7 Cal. 53; *Borland* v. *Thornton*, 12 Cal. 440; *Lansing* v. *Eddy*, 1 John. Ch. R. 49; and *Dodge* v. *Strong*, 2 John. Ch. R. 230.

*John H. Saunders*, for Respondent.

By the Court, SANDERSON, J.

This is an appeal from an order denying a motion to dissolve an injunction. The motion was made on the complaint and answer unaccompanied by any affidavits upon either side.

The action was brought to restrain the defendant by injunction from enforcing, by execution or otherwise, a certain judgment which he had obtained in an action of ejectment against the plaintiffs' grantors, and to open and set the same aside, or in other words to obtain a new trial in that action.

The facts, as detailed in the complaint, are substantially as follows:

An action was brought by the defendant in this case to recover the possession of the premises in question against one Donnelly, who was in possession as tenant of one Cheney, who intervened and employed counsel to defend the action. Thereafter, and pending the action, Cheney sold and conveyed to the present plaintiffs, who thereupon became entitled, under the sixteenth section of the Practice Act, to continue the defense of the action in the name of Cheney or to cause themselves to be substituted in his place. At the time of their purchase, which was the 4th of December, 1863, the plaintiffs had full notice of the pendency of the action, but they took no steps in regard to its further defense, and there was no covenant on the part of Cheney to further defend the title. They neither retained the counsel who had appeared for Cheney, nor did they inform the City Attorney of the pendency of the action, nor did they employ other counsel. In short, they took no steps whatever to defend the action, but rested entirely upon the supposition or belief, as they allege, that the attorneys who represented Cheney would continue, after the purchase, to represent them, notwithstanding, as they admit, no request to that effect was made by them and no fee paid or offered. Some seven months after the purchase, the same being regularly on the calendar, the action was brought to trial by the plaintiff, (defendant in the present case,) but no one appeared on the part of the defense, and the trial was altogether *ex parte* and resulted in favor of the plaintiff. The present plaintiffs had no actual notice or knowledge of the trial before or at the time it took place. When they learned that a trial had been had, whether in time or too late to move for a new trial, does not appear, and no reason is given why a motion for a new trial was not made.

In view of the foregoing facts, in connection with a general allegation to the effect that their title is good, while that of the defendant is worthless and pretended, the plaintiffs claim the interposition of a Court of equity, and allege that they are entitled to the relief sought by them on the ground of surprise.

*Complaint in equity to obtain a new trial.*

That the complaint contains no cause of action hardly admits of debate. That it does not is manifest from the single fact, independent of the matters set out, that the complaint assigns no reason why the plaintiffs did not avail themselves of the remedy afforded by a motion for a new trial. If they were informed of the trial and judgment in time to move for a new trial, that remedy would have been all-sufficient, and that they were not informed in time is not alleged. We are compelled, therefore, to assume that they did learn it in time. Such being the case, they were bound to exhaust their legal remedies by moving for a new trial in the Court of law before coming to a Court of equity to obtain it. By this action the plaintiffs can obtain no relief which they could not have obtained by a motion for a new trial in the original action; for if their neglect to defend that action admits of legal excuse, full relief was attainable in that action by motion, and no resort to this action was necessary. For this reason alone they cannot be allowed to maintain this action without showing that they had no opportunity to make the motion, by reason of some mistake, accident or surprise, unaccompanied by any fault or negligence on their part.

*When Courts of equity will not set aside a judgment at law.*

But, independent of the foregoing consideration, the complaint is, in our judgment, entirely destitute of equity. Courts of equity will not interfere and set aside a verdict or judgment at law, on the theory of this case, except where it has been obtained by fraud or through some accident or mistake, without fault or *laches* on the part of the party complaining, and after all remedy at law has been lost. (2 Story's Eq. Juris., Sec. 887, *et sequens.*) But all these grounds of equity jurisdiction are wanting in the present case. It is not pretended that the judgment in question was obtained by fraud on the part of the defendant in this action or any one else. That the plaintiffs in this action were not prevented from making their

defense by inevitable accident or mistake or excusable neglect, is obvious upon a mere recitation of the facts. That their failure to defend was the result of gross inattention and negligence on their part, and not a mistake, inadvertence or surprise, or excusable neglect, against which a Court of equity will grant relief, finds, we think, a conclusive demonstration in the dry statement of the facts which we have already given, unaccompanied by argument. The relief sought for is asked upon the sole ground that they *supposed* or *believed*, under the circumstances detailed, that the attorneys of Cheney would continue their charge and management of the case. If such was their belief it was without any foundation in reason, and opposed to every intrinsic probability. The attorneys of Cheney would have been obnoxious to the charge of impertinence had they continued in the case after their client had ceased to have any interest in the result, and assumed, unretained and unasked, to manage the case for his grantees, who not only did not seek a continuance of their services, but ordinarily would not, in view of the fact that they were public functionaries, and had counsel appointed by the law, whose duty it was upon their suggestion to attend to the matter in question.

With full and complete knowledge of all the facts and circumstances, the plaintiffs failed to make any provision for the defense of the estate which they had acquired, and rested upon the vague notion that because the lawsuit, which they had purchased with their eyes open, had been on the calendar of the Court for a long time without a trial, it probably never would be tried, and upon the unfounded belief that if by chance the case should ever be brought to trial their interests would be defended by counsel whom they had never retained, and who, therefore, would have had no legal claim against them for compensation for their services. It is impossible to conceive a case more barren of all claim to the interposition of a Court of equity. The whole case made by the plaintiffs may be summed up in the forcible language of counsel for appellant: "They purchased a lawsuit and neglected to defend it." Instead of showing that they have been the vic-

tims of some fraud, accident, mistake or surprise against which ordinary prudence could not have furnished a safeguard, they show a want of prudence and care which would be inexcusable in a business man of the most limited capacity. Instead of showing that they belong to that vigilant class to whose complaints a Court of equity always lends a willing ear, they have shown that they belong to that idle class of whom a Court of equity will take no care, because, with ample opportunity and means, they fail to take care of themselves. To the complaints of this latter class a Court of equity will not listen. (*The Board of Commissioners of the Funded Debt of the City of San José* v. *Younger, ante,* 172.)

The order refusing to dissolve the injunction is reversed, and the cause is remanded with instructions to the Court below to dissolve the injunction.