WILLIAM W. BOSTON AND SARAH BOSTON, HIS | 33   31
WIFE *v.* THOMAS J. HAYNES, JOSEPH YATES, | 81  631
DAVID CALDERWOOD, WILLIAM J. DOUGLASS, | 33   31
AND ELIZABETH, HIS WIFE, AND SAMUEL WEBB, | 92  355
EXECUTOR OF THE LAST WILL OF JOHN A. WENBORN,
DECEASED.

NEW TRIAL.—A Court of equity will not grant a new trial in an action at law because the party asking it was absent at the trial, where no circumstances of fraud are alleged.

IDEM.—If the party moving for a new trial in an action at law, loses the same through his own blunders and laches, without any fraud, mistake, surprise, or excusable neglect existing, equity will not relieve him.

JUDGMENT AS A BAR.—A judgment is conclusive upon all the issues raised in the pleadings, and the parties are precluded from litigating the same matter in a new action.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiffs commenced this action May 7th, 1866. In their complaint they alleged in substance : that the plaintiff Sarah was the owner in fee, as her separate property, of a lot in San Francisco, on Howard street, between Second and Third, and that she acquired the same by conveyances from John Strathearn and William G. Miller, made in 1852 and 1853, who conveyed the same to her at the request of defendant Calderwood, who paid the purchase money and gave the lot to her ; that about the same time defendant Calderwood put John A. Wenborn in possession of the lot as his tenant at will, who remained in possession as the tenant at will of Calderwood until his death, which occurred in June, 1864, and that said Wenborn, in his lifetime, claimed that plaintiffs had given John Strathearn a power of attorney to sell the lot, and that Strathearn had, as their attorney, sold the same to him ; that plaintiffs never gave such power of attorney ; that in May, 1854, Wenborn had commenced an action against plaintiffs, for the purpose of trying the title to the lot, and that defendants answered, and such proceedings were had in the action that a trial was had in the absence of plaintiffs in this action and defendants therein and of their attorney, and a judgment rendered in favor of the plaintiff about the 10th day of October, 1856 ; that these plaintiffs moved for a new trial, and the Court made an order granting it, on condition that the plaintiffs' costs were paid ; that these plaintiffs, November 12th thereafter, tendered the costs to the plaintiffs' attorney, who refused to accept the same ; that defendant was appointed executor of the will of Wenborn, and substituted in the action, and defendants moved to have the case placed on the calendar for trial, which motion was resisted because the costs had not been paid, and that an order was made denying the motion and refusing to place the cause on the

calendar, to which order was added a clause that "the judgment should remain;" that plaintiffs appealed from the order, and the Supreme Court decided that no appeal would lie from it, and that it did not appear that the costs had been paid or tendered; that these plaintiffs then moved the Court to continue the action in the name of the executor, or defendant Haynes, who claimed to have acquired some interest in the property by a sale by the executor, which motion was denied; that March 31st, 1862, these plaintiffs moved the Court to dismiss the action, because of the failure of plaintiff to prosecute, which motion was denied; that plaintiff applied for a writ of mandate, to the Supreme Court, to compel the District Court to dismiss the action, which writ the Supreme Court denied; that about the 27th of May, 1864, the cause was placed on the calendar for trial, but the District Court struck the cause from the calendar and refused to try it; that these defendants applied to the Supreme Court for a writ of mandate to compel the District Court to reinstate the cause on the calendar and proceed and try the cause, and that the Supreme Court denied the same.

The complaint further averred that defendant Webb claimed some interest in the premises as executor of the last will of Wenborn, and that the other defendants claimed some interest in the premises, which claim was without foundation. Attached to the complaint were copies of the complaint and answer in the case of *Wenborn* v. *Boston and Wife*.

The complaint prayed that the order of June 20th, 1856, or so much thereof as declared that the judgment rendered therein should remain in full force, and the judgment in the action also be vacated and a new trial granted, and that the Court would also decree that the judgment in *Wenborn* v. *Boston and Wife* be null and void, and that the defendants had no interest in the property.

The defendants Haynes and Yates demurred to the complaint, because it did not state facts sufficient to constitute a cause of action, and because it showed that the title to the

property had been adjudicated by a Court of competent juris-
diction.

The Court below sustained the demurrer, and plaintiffs
appealed.

The other facts are stated in the opinion of the Court.

*Nathaniel Bennett*, for Appellants.

The complaint is framed with a double aspect; one to pro-
cure a new trial in the old case of *Wenborn* v. *Boston*, and the
other, in case it should be deemed impracticable to grant the
relief of a new ₂trial, to procure the determination of the
merits of the controversy between the present parties in the
suit commenced by this bill.

A motion for a new trial was made and granted on the
payment of costs, the costs were tendered, but Boston and
wife have never been able to procure a new trial.   That a
bill in equity will lie for a new trial as well since as before
the code, seems to be conceded in *Mulford* v. *Cohn*, 18 Cal. 42.
Our action is to obtain the new trial itself, after the order
granting the new trial has already been made in the proper
suit.   In such a suit as ours, it would be an absurdity to set
forth the same facts which would be necessary in such a com-
plaint as that spoken of by Mr. Justice Baldwin in *Mulford* v.
*Cohn*.   That the Bostons are entitled to a new trial is deter-
mined by the order granting such new trial.   That they have
not been able to obtain it—that they have been guilty of no
laches—and that they exhausted every imaginable remedy,
but the present, in seeking such new trial, are all facts which
are manifest on the face of the complaint.   But this complaint
is easily sustainable as a suit for independent relief, wholly
irrespective of the suit of *Wenborn* v. *Boston and Wife*.   Here
Mrs. Boston is to be taken as the owner in her own right by
way of gift of the land.   If she is not barred by the former
judgment, then she is entitled to maintain this suit.   One
object of the suit is to obtain a decree setting aside that pre-
tended power of attorney and deed under it.   That gives the
suit an equitable character; and the Court having once

acquired an equitable jurisdiction over the subject matter, will retain jurisdiction for all purposes, and will do complete justice between the parties, by restoring the possession of the premises to the real owner, as well as by setting aside the deed and power of attorney.

*Daniel Rogers*, for Respondents.

Although the character of the bill filed in this cause is difficult to define, yet it may be and can only be called a "bill of review." Its object seems to be to obtain a new trial of an action at law more than twelve years after the entry of the judgment. This bill, tested by the ordinances of Chancellor Bacon, is substantially defective, because it neither alleges error of law apparent in the original proceedings, nor is it based upon new matter which has arisen or come to the knowledge of the party since the entry of the original judgment. The "ordinances" still govern bills of review. (*Massic's Heirs* v. *Graham's Administrator et al*, 3 McLean, 41.)

The bill is also defective because it does not allege that the appellants here have complied with the order of the Court in the original proceedings, namely, the payment of costs, the condition upon which a new trial was granted by the Court below. The only allegation is "that the plaintiffs herein have ever since been, and still are, ready and willing to pay the said costs," etc. An allegation of readiness to pay is insufficient. (*Wiser* v. *Blakely*, 2 John. Ch. 491.)

The principle is too well settled to require authority "that a party will not be aided after a trial at law unless he can impeach the justice of the verdict by facts, or on grounds of which he *could not have availed himself*, or was prevented from doing it by fraud or accident, or the act of the opposite party unmixed with negligence or fault on his part." "This point," says Chancellor Kent, (3 John. Ch. 356,) "has been so often ruled that it cannot be necessary or expedient to discuss it again."

In the suit of *Gregory* v. *Haynes*, 13 Cal. 592, the Court

pass upon the effect of this judgment upon the rights of Boston and wife. The Court say that the judgment *was conclusive* as to Boston and wife. The bill shows the fact that a motion for a new trial made by these appellants in the Court below was granted upon condition of the payment of costs; they had then a sufficient, full and complete remedy. It also appears that the condition was not complied with, for upon motion of the defendants—these appellants—to put the cause on the trial calendar, the Court denied the motion, and adjudicated that the former order—granting a motion for a new trial—had not taken effect. The effect of this order has been reviewed by this Court in the case of *Gregory* v. *Haynes*, 21 Cal. 447-8. This order was made June 20th, 1855, and is the last order made in the case. The appellants had their right of appeal, but they declined to avail themselves of it, and now ask this Court to grant them a new trial as a reward for their own negligence. This Court has passed upon the effect of the original judgment in the two cases above mentioned, and also in the case of *Haynes* v. *Calderwood*, 23 Cal. 409.

By the Court, Sanderson, J.:

We are unable to find anything in the complaint which entitles the plaintiff to a new trial in the case of *Wenborn* v. *Boston and Wife*. On the contrary, the complaint is entirely silent as to what transpired at the trial of that case except that the trial took place in their absence. Why they were absent is not stated. It is not stated that the trial was brought on in their absence by the fraud of the plaintiff. In short, none of the grounds upon which equity will interfere and grant a new trial are stated or attempted to be stated. (*Mulford* v. *Cohn*, 18 Cal. 46; *Mastick* v. *Thorp*, 29 Cal. 447.) On the contrary, the complaint would seem to be *felo de se* on the question of new trial. It is alleged that a motion for a new trial was made and granted upon the condition that the defendants pay the plaintiffs' costs up to that date. True, it

is further alleged that the Court thereafter refused to proceed with the new trial, notwithstanding the defendants had tendered the costs, and directed that the judgment theretofore entered be and remain the final judgment of the Court; so that, in point of fact, no new trial was ever had.   But how or why this was done is shown, and in the doing the defendants (plaintiffs in this case) were not made the victims of any fraud, mistake, or accident.   On the contrary, it is alleged that they made a motion to put the case on the calendar for a new trial, and that their motion was resisted upon the ground that the costs had not been paid, and that therefore the condition upon which the defendants were to have a new trial had not been performed by them.   So the very question which is now made as to the payment or tender of the costs was then made, and must have been then decided against the defendants, (now plaintiffs,) for their motion was denied and the previous judgment ordered to stand as the final judgment in the case.   It is not pretended, that in the determination of this motion even, there was anything done or omitted on account of which a Court of equity would interfere.   Nor is it shown why, if there was error, the defendants did not have a complete remedy by appeal or mandamus.   On the contrary, the complaint shows that they did have a remedy both by appeal and mandamus, but that they committed a blunder in taking the former and were defeated in the latter.   In short, the complaint gives a detailed account or history of the case, from which we can readily see that the present plaintiffs have lost all their rights, if they ever had any, through their own blunders and laches; but it utterly fails to show a single fact or circumstance of fraud, mistake, surprise, excusable neglect, or anything else on account of which a Court of equity can now relieve them from the legal effect, whatever it may be, of the judgment which was rendered in the case. So far as a new trial is concerned, the complaint seems to proceed upon the theory that the plaintiffs are entitled to it because it was granted to them in the original case, and yet they did not get it.   Such a showing is not enough.   They must show a case for a new trial by a statement of the facts

and in addition they must show that they failed to get it through no fault of theirs. (*Mulford* v. *Cohn*; *Mastick* v. *Thorp*, *supra*.)

So far as this case can be regarded. as an action to set aside and cancel the power of attorney from the plaintiffs to Strathearn, and the deed from him to Wenborn, and to restore the plaintiffs to the possession of the land, the complaint is also *felo de se*, for it is conclusively answered by the record and judgment in the action of Wenborn against the plaintiffs to quiet the title which is set out and referred to. By referring to the answer of Boston and wife in that case, it will be found to contain, substantially, the same allegations upon the question of the validity of the power of attorney and deed, and the condition of the title, which are found in the present complaint. Such being the case, the judgment in that action is conclusive upon the same matters in this.

Judgment affirmed.