# CHARLESTON.

HOME SEWING MACHINE CO. *v.* FLODING.

Submitted January 19, 1886.—Decided February 13, 1886.

1. Where a party, against whom a judgment has been rendered by a justice, desires to appeal therefrom, he is entitled to such appeal as a matter of right, if within ten days after the date of such judgment he make application therefor to such justice and file with him the appeal bond prescribed by sec. 164, of ch. 8 of the Acts of 1882.  (p. 543.)

2. If he fails to obtain such appeal from such justice within ten days, he may within ninety days from the date of such judgment, upon application made to the circuit court of the county in term or to the judge thereof in vacation, upon filing such application and appeal-bond, and showing by his own affidavit or otherwise good cause for not having taken such appeal within the ten days, obtain an appeal from such court or judge.  (p. 543.)

3. Upon application to such court or judge for such appeal the facts relied on as showing "good cause" must be set out in such application, and they must show that he was prevented from taking such appeal within the "ten" days by fraud, accident, surprise, or adventitious circumstance beyond his control, as would entitle him to a new trial.  (p. 544.)

4. If the application for such appeal be not made within ninety days from the date of such judgment, the court or judge, to whom the application is made, has no authority to grant such appeal, and if

in such case the appeal has been so granted, it will be dis-
missed as improvidently allowed.   (p. 543.)

*J. B. Laidley* for plaintiff in error.

No appearance for defendant in error.

Woods, Judge :

On February 13, 1883, The Home Sewing Machine Com-
pany instituted its suit before a justice of the peace of Cabell
county against George A. Floding to recover from him a
debt of $218.00. Both parties appearing, the cause was tried
on April 9, 1883, and judgment rendered in favor of the plain-
tiff against the defendant for $218.00 and $4.75 costs, where-
upon the defendant then and there gave notice that he would
appeal from the judgment to the circuit court of Cabell
county, but no application for such appeal was ever made to
the justice, nor was any appeal-bond tendered to or filed with
him, nor was any such application made to the judge of the
circuit court of that county, until July 21, 1883.   Execution
having been issued on this judgment and placed in the hands
of a constable to be executed on June 21, 1883, the defend-
ant on July 21, 1883, presented to the judge of said circuit
court a petition, setting forth the foregoing facts, and further
that until informed by the constable that he held the execu-
tor, he was not aware that his appeal had not been taken ;
that he then executed the proper appeal-bond, and if he had
then gone to Logan, where the judge was then holding court,
he would have had sufficient time to do so before the expira-
tion of the ninety days within which the circuit court or judge
is allowed to grant an appeal, and he would have done so, but
he was led to believe by a letter written to him by the agent of
the plaintiff, on which he relied and still relies, that he would
waive all exception as to time, and thereupon prayed an appeal,
which on July 21, 1883, for the reasons stated in said petition,
was allowed by the said judge. The letter referred to, in the
petition, and made part thereof is as follows :

"John E. Chamberlain,
"Charleston, W. Va., July 6, 1883.
" *George A. Floding, Blue Sulphur* :
"Dear Sir :—I went down yesterday and saw Judge Layne,

and he told me that he had instructed the officer holding the execution to hold up and not go ahead on it until he gave him further instructions. I did not see him much, as he was very busy with other matters, and this is all he considered necessary in the case.

                    "Yours truly,
            "John E. Chamberlain, *Agent.*"

On March 19, 1884, at a circuit court held for Cabell county, the parties appeared by their attorneys, and the plaintiff by its attorney moved the court to strike the cause from the docket, upon the ground that the appeal had been improperly allowed which motion the court overruled. The case was subsequently tried by a jury, and a verdict was found in favor of the plaintiff for $63.12, which the plaintiff's attorney, moved the court to set aside as contrary to the law and the evidence, and to award it a new trial, which motions the court overruled, and the plaintiff excepted, and by its bill of exceptions the court certified the facts proved on the trial.

To this judgment the plaintiff obtained a writ of error.

Five grounds of error are assigned, of which the first two only need be considered: First.—The judge had no jurisdiction to grant the appeal after the expiration of ninety days from the date of the judgment; and second, the court had no jurisdiction to try, and therefore erred in refusing to dismiss the appeal.

The authority to grant appeals from the judgment of a justice of the peace is wholly statutory and can only be exercised within the times and under the circumstances prescribed by the statute. By sec. 163, of ch. 8, of the Acts of 1881, amending ch. 50 of the Code it is declared that "In all cases an appeal shall lie under the regulations herein prescribed from the judgment of a justice to the circuit court of the county, when the amount in controversy on the trial before the justice exceeds $15.00, exclusive of interest and costs. * * * * * *" By sec. 164, it is further declared: "That the appeal shall not be granted by the justice unless within ten days after the judgment is rendered or revived, bond with good security to be approved by the justice, in double the amount of the judgment is filed with him,"

&c. By sec. 174 of the same chapter it is further provided, that "Appeals from the judgment of justices may be granted after the expiration of ten days and within ninety days after the date of the judgment by the circuit court in term-time or by the judge thereof in vacation, when the party seeking the appeal shall deliver to the court or judge a proper bond with sufficient security thereto, as hereinbefore prescribed, and show by his own oath or otherwise good cause for not having taken such appeal with said ten days." These three sections contain all the statutory provisions on the subject of granting appeals from the judgment of a justice. If the subject-matter in controversy, exclusive of interest and costs, exceed $15.00, and the bond be given, and the appeal be applied for within ten days after the date of the judgment, the party seeking the appeal is entitled to it as a matter of right, and in such case it is wholly immaterial, whether the judgment be right or wrong.

But unless the party seeking the appeal complies with the statute within the ten days after the rendition of the judgment, his right to the appeal is no longer absolute, but becomes conditional, and to entitle him to the benefit of sec. 174, he must bring himself within its provisions by making his application for an appeal accompanied with the proper bond to the circuit court in term, or to the judge thereof in vacation, *within ninety days* after the date of the judgment, and show by his own oath or otherwise *good cause* for not having taken his appeal within the ten days. Two conditions are imposed, he must make this application to the circuit court, or to the judge thereof in vacation, within the ninety days; and must at the same time show good cause for not having taken it before the justice within the ten days, during which time he was entitled to his appeal as a matter of right.

If he fails to show good cause to the circuit court in term or to the judge thereof in vacation within the ninety days after the date of the judgment, his application for an appeal must be denied; for both of these are jurisdictional facts, and must be shown to exist, in order to confer upon the court in term, or upon the judge thereof in vacation, jurisdiction to grant the appeal; and if granted without jurisdiction, the

order granting the appeal is a nullity. Being void in its inception, no subsequent proceedings thereon can cure the defect.

The only reason stated in the petition to the judge in vacation, why this appeal was not taken within the ten days after date of the judgment, is that the defendant in error, was ignorant of what the law required him to do, before his appeal could be granted. He gave notice that he would appeal from the judgment, and doubtless thought he had done so, and he says he knew no better, until the constable informed him, that he had the execution on the judgment. He knew all the facts connected with his defence, but mistook the law. This may have been unfortunate, but ignorance of the law is no excuse, and in this instance his ignorance was the result of gross negligence, and furnishes no good reason why the appeal was not taken within the ten days, and if the same had been shown to the court or judge within the ninety days, it would have been wholly insufficient. The appeal provided for when properly allowed affords the party a new trial, and the whole object of the appeal is to obtain a new trial. When the party has neglected to avail himself of his absolute right to an appeal within the ten days, he can only obtain the new trial within the ninety days and upon showing such cause as would entitle him to a new trial ; and as this Court held in *Ruffner* v. *Love,* 24 W. Va. 181, " the facts shown to warrant the granting of the appeal after the expiration of the ten days must show fraud, accident, surprise or some adventitious circumstances beyond the control of the party. *Braden* v. *Reitzenberger,* 18 W. Va. 286 ; *Alford* v. *Moore,* 15 W. Va. 597; *Knapp* v. *Snyder,* 15 W. Va. 434. No such ground is shown in this case, and therefore if the petition had been presented to the judge of the circuit court within the ninety days, he would have erred in granting this appeal ; much more therefore did he err in granting it not only in the absence of good cause shown, but after all right to do so—even for good cause had expired by the lapse of the ninety days, within which for good cause shown he might have granted it. But it is sought to maintain this jurisdiction in this case upon the allegation in the petition that the defendant in error was prevented from making his application within the ninety days by the letter of the plaintiff's

agent, which led him to believe, that the plaintiff would waive the irregularity in not applying to the judge for the appeal within the ninety days, which he otherwise would have done.    To this argument two answers may be made : First, the letter contains nothing that could have induced the defendant to come to any such conclusion; for it makes no reference to an appeal or to any steps taken or about to be taken to apply for an appeal; and in the next place it would have been wholly immaterial if it had done so; for as we have already seen, no good cause was shown why the appeal was not taken within the ten days, and until this was done, neither the court in term nor the judge in vacation had any jurisdiction to allow the appeal.

The plaintiff in error having moved to dismiss this appeal as improperly allowed, the circuit court erred in overruling its motion to strike the cause from the docket and in proceeding to take further cognizance of the appeal. It is therefore considered by the Court that the judgment of the circuit court of Cabell county rendered in this case on March 24, 1885, be reversed, and that the plaintiff in error recover of the defendant in error his costs by him about the prosecution of his writ of error in this Court in that behalf expended.

And this Court now proceeding to render such judgment, as the said circuit court should have rendered, it is further considered by the court, that the verdict of the jury be set aside; that the said appeal from the judgment of said justice for the sum of $218.00 and $4.75 costs be and the same is hereby dismissed, the same having been improvidently allowed, and that plaintiff below recover of the defendant below his costs by him about his defence against the appeal of the defendant in the circuit court in this behalf expended.

Dismissed.