(86 South. 146)

Ex parte GUNTER. (6 Div. 660.)

(Court of Appeals of Alabama. Nov. 25, 1919.
On Rehearing, Jan. 13, 1920.)

1. JUDGMENT ⬳349—WANT OF JURISDICTION MAY BE SHOWN, THOUGH NOT APPARENT ON FACE OF RECORD.

On motion audita querela to set aside judgment for lack of jurisdiction, matters which operate to annul judgment for want of jurisdiction of the parties may be inquired into, though not apparent on face of the record.

2. JUDGMENT ⬳393 — MOVANT SHOULD BE ALLOWED TO SUPERSEDE JUDGMENT ON GIVING SUFFICENT BOND.

On audita querela motion to set aside judgment for want of jurisdiction, movant, in view of Const. U. S. Amend. 14, should have been allowed to .supersede the judgment pending the hearing on the motion, upon giving bond in sufficient amount to pay such judgment as might be rendered.

On Rehearing.

3. COURTS ⬳21—NO JURISDICTION WITHOUT SERVICE OR VOLUNTARY APPEARANCE.

In order for a court to have jurisdiction of a person there must be service of process or voluntary appearance.

4. JUDGMENT ⬳342(1)—MAY BE SET ASIDE AFTER TERM FOR WANT OF JURISDICTION.

Court of superior or general jurisdiction has the inherent power, independent of statutes fixing designated periods of time within which applications should be made and judgment vacated, to annul and set aside its.final judgment after the close of the term at which it was rendered, either for want of jurisdiction of the subject-matter or of the parties.

5. JUDGMENT ⬳349—NOT CONCLUSIVE OF VERITY IN PROCEEDING TO DECLARE VOID FOR WANT OF JURISDICTION.

The rule that a record is conclusive evidence of its own verity is not applicable in a direct proceeding instituted for the purpose of showing its own verity as to a matter which, if false. shows that the court pronouncing it as a judgment had no jurisdiction of the defendant, and consequently.that what purports to be a record is no record at all.

6. JUDGMENT ⬳349—SET ASIDE WHERE JURISDICTION OBTAINED THROUGH FRAUD OR MISTAKE.

Where court has apparently obtained jurisdiction of the person through fraud or mistake, and such fact is made known to the court by a motion or petition for appropriate writ, the court will grant the proper relief.

Petition by W. A. Gunter for mandamus to be directed to Robert C. Brickell, as Judge of the Eighth judicial circuit, to permit the petitioner to supersede a judgment for costs rendered against him in Cullman circuit court and to enter an order staying execution thereon pending the hearing of petitioner's motion to vacate and annul such judgment. Writ granted.

W. A. Gunter, of Montgomery, pro se.

A void judgment will not support an appeal. 41 Ala. 75. If the judgment is good on its face, you cannot reverse it on appeal, without a bill of exceptions. 20 Ala. 140. It cannot go into equity. Subdivision 1, § 3052, Code 1907. The remedy, then, is by mandamus. 18 Ala. 778; 16 Ala. 813; 178 Ala. 420, 59 South. 493; 4 Ala. 527; 7 Ala. 460. This is a direct attack on the judgment. Black on Judgments, §§ 274–276, 288; 101 Ala. 340, 13 South. 502. The court was without jurisdiction to render the judgment. 5 Wall. 148, 18 L. Ed. 502; 18 Wall. 457, 21 L. Ed. 897; 19 Wall. 58, 22 L. Ed. 70; 2 Black on Judgments, § 276.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The judgment was not a formal judgment. 3 Port. 335.

Callahan & Harris, of Decatur, for appellee.

A former judgment cannot be set aside at a subsequent term of the court, nor may it be shown to be void by evidence aliunde the record. 95 Ala. 478, 12 South. 577; 77 Ala. 612; 109 Ala. 388, 19 South. 414. The sheriff's return is conclusive. 201 Ala. 13, 75 South. 306.

SAMFORD, J. A judgment was rendered in the circuit court of Cullman county, in a suit there pending, in favor of the plaintiffs, Gunter & Gunter, and against the defendant, Ignatus Pollock, for the debt and costs. After adjournment of the court the defendant made a motion to retax the costs. The court made an order that notice of the motion be served on W. A. Gunter, one of the plaintiffs, who resided in Montgomery, Ala. The return of the sheriff of Montgomery county shows this notice to have been served on W. A. Gunter, but the allegations · in the present petition, which under the state of the pleadings we must take to be true, shows that there were two W. A. Gunters in Montgomery, and charges that the return of the sheriff is false, and that neither the plaintiff W. A. Gunter or his partner ever received notice of the pendency of the motion. The court, however, acting upon the face of the return, and by default, retaxed the costs as prayed in the motion and rendered judgment against the plaintiffs for the amount of costs so retaxed. When execution was issued and sent to the sheriff of Montgomery county for levy the plaintiffs, then for the first time becoming aware that the judgment had been so rendered, filed a motion audita querela in the court of Cullman county, setting up the above facts and praying that the judgment be set aside. This motion was continued from term to term on account of the fact that the then presiding judge of the circuit was disqualified, until it was finally set for hearing on the 1st day of August, 1919. On that day, not being called to the attention of the court, and the court adjourning without taking action on the motion, it was discontinued. C. C. rule 22 (Code 1907, vol. 2, p. 1522). Thereupon relator refiled the motion, stating all the facts, asking the same relief on the same grounds, and excusing his nonappearance in support of the motion, and praying the court to make an order restraining the collection of the judgment until the motion could be heard upon such terms as the court might deem just. The court filed the motion, but refused to enter the order restraining the collection of the judgment. The prayer of this petition is for an order directed to the judge of the circuit court of Cullman county commanding him to make the restraining order as prayed.

[1, 2] The germ of life in the constitutional system of this country is the jealousy with which it guards the life, liberty, and property of the individual. This principle has found expression in the written Constitution of every state and in the Constitution of the United States, and nowhere is it more strongly stated than in the words of the Fourteenth Amendment to the federal Constitution:

"Nor shall any state deprive any person of life, liberty or property without due process of law.".

For this purpose there is retained in our jurisprudence the essence of all the remedial writs known to the common law, and in proper cases these remedies may be invoked to prevent injustice and inequities, wherever found. Among these writs are those of audita querela and supersedeas, which in this jurisdiction have been combined, and under which matters which operate to annul a judgment for want of jurisdiction of the parties, where the facts are not apparent on the face of the record, may be inquired into, and an execution issued to enforce the judgment may be superseded pending the inquiry. 15 Am. Dec. 695, note; Henderson v. P. & M. Bank, 178 Ala. 420, 59 South. 493. It will be noted that in the case just cited the judge writing the opinion used the expression: "But matters which go behind the judgment may not be inquired into." This relates to judgments not sought to be impeached for want of jurisdiction. It would be a monstrous proposition to say, on direct attack of a judgment, it could not be shown that the defendant was never legally before the court. The proceeding in this case is a direct attack on the judgment, alleging that the parties were never served with process or otherwise had notice before judgment was rendered against them. If that is so, the judgment is void, and, although written in the minutes of the court, it is no record, and, although the minutes may recite notice by service, it may be shown to be false. 1 Black on Judgments, § 288; Herring v. Ricketts, 101 Ala. 340, 13 South. 502.

The relator should have been allowed to supersede the judgment pending the hearing of the motion, upon giving bond in sufficient amount to pay such judgment as might be rendered.

Let the writ of mandamus issue as prayed.

### On Rehearing.

The petition in this case is a direct attack upon a judgment taxing costs upon plaintiff on the motion of defendant. It was not merely a motion to retax costs, but a motion made to the court to alter the judgment rendered and to render judgment against the other party. Noland v. Lock, 16 Ala. 52.

[3] The case presented by this petition is as if a plaintiff had brought suit against a defendant, and the sheriff, without actually

serving the process, made false return that the process was regularly served. Not having notice, the defendant apparently makes default and judgment is rendered against him. The judgment in all things appears regular, but, in fact, the court had no jurisdiction of the person. There have been so many cases involving the validity of judgments on collateral attack that the decisions have become somewhat confused as to how far courts would or could exercise their inherent power in going behind judgments rendered by courts of general jurisdiction, where the proceedings all appear to be regular. But if we confine ourselves to proceedings where the judgment is subject of direct attack, the question is not so difficult. It is elementary law that in order for a court to have jurisdiction of the person there must be service of process or voluntary appearance, and in 15 R. C. L. p. 850, § 324, the rule as to default judgment is declared as follows:

"Jurisdiction to enter a judgment against a defaulting defendant rests upon the fact of service itself and the return of service is simply the evidence of the jurisdictional fact."

[4] Where, as a matter of fact, a judgment has been rendered without the court having jurisdiction of the person, courts of superior and general jurisdiction have the inherent power, independent of statutes fixing designated periods of time within which applications should be made to have judgments vacated, to annul and set aside its final judgment after the close of the term at which it was rendered, either for want of jurisdiction of the subject-matter or of the parties. 15 R. C. L. p. 629, § 144; 4 Cyc. 1065. This has been done after the lapse of 12 years. People v. Greene, 74 Cal. 400, 16 Pac. 197, 5 Am. St. Rep. 448. Mr. Justice Simpson, writing for the court in Winkler Brokerage Co. v. Courson, 160 Ala. 374, 379, 49 South. 341, 343, said:

"It is also clear from these authorities [authorities cited by him] that, when a judgment has been rendered by confession, by an unauthorized attorney, or attorney in fact, the remedy is either direct application to the court which rendered the judgment, or by bill in equity."

[5] This doctrine was quoted and followed by the present Chief Justice in the recent case of L. & N. R. Co. v. Tally (Sup.) 83 South. 114–117.[1] This announcement of a rule as to the remedies of parties privy to a judgment is made with due recognition of the rule stated in Sweeney et al. v. Tritsch, 151 Ala. 245, 44 South. 184, to the effect that courts were without power to alter or change judgments after the adjournments of the courts, except in certain instances there stated, and is based upon the doctrine recognized in Pettus v. McClannahan, 52 Ala.

55, Winkler Brokerage Co. v. Courson, supra, L. & N. R. R. v. Tally, supra, 1 Black on Judgments, § 307, to the effect that where fraud has entered into the judgment it may be set aside and annulled by the court rendering it. 1 Black on Judgments, § 306, p. 468, and authorities, supra; Dunham Lumber Co. v. Holt, 123 Ala. 36, 26 South. 663.

"The rule that a record is conclusive evidence of its own verity is not applicable in a direct proceeding instituted for the purpose of showing its own falsity as to a matter which, if false, shows that the court pronouncing it as a judgment had no jurisdiction of the person of the defendant, and consequently what purports to be a record is no record at all." 1 Black on Judgments, § 288.

[6] When, therefore, the court has apparently obtained jurisdiction of the person through fraud, and such fact is made known to the court by motion or petition for an appropriate writ, the court rendering the judgment will grant the proper relief. This on account of a due regard for its own dignity and the preservation of the judgments it may rightfully render. The same with equal force may be said of a mistake, which would have the same effect as a fraud and comes within the same rule. Mastick v. Thorp, 29 Cal. 444; Darling v. Baltimore, 51 Md. 1; Alford v. Moore, 15 W. Va. 597; Black on Judgments, § 335.

Opinion extended. Application overruled.