Anderson, J.,
delivered the opinion of the court.
It is well settled that it is no ground for equitable interference that a party has not effectually availed himself of a defence at law. There are cases in which equity will relieve after verdict, although a defence might have been made at law; but only where there has been no fault or negligence on the part of the defendant or his agents. The rule, as laid down by Chancellor Kent in Foster v. Wood, 6 John. Ch. R., 89, is, “that chancery will not relieve against a judgment at law, on the ground of its *552 being contrary to equity, unless the defendant in judgment was ignorant of tbe fact iu question pending the suit; or it could not be received as a defence; or unless he was prevented availing himself of the defence by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part.” To the same effect is the declaration of the rule by C. J. Marshall, in The Marine Insurance Company of Alexandria v. Hodgson, 7 Crauch R., 332. It must appear that the omission of the defendant to avail himself of the defence at law “ was unmixed with any negligence in himself or his agents.” This rule is absolutely inflexible, and cannot be violated, even w'hen the judgment is manifestly wrrong in law or fact; or when the effect of allowing it to-stand will be to compel the payment of a debt which the defendant does not owe, or which he owes to a third person. 3 Lead. Cas. in Equity, p. 467, and cases cited. It is not sufficient to show that injustice has been done, but that it has been done under circumstances which authorize a court of equity to interfere; because if a matter has already been investigated in a court of competent jurisdiction, according to the ordinary rules of investigation, a court of equity cannot take it upon itself to enter into it again. Ibid, citing Bateman v. Willoe, 1 Sch. & Lef. R., 201. To the same effect is the current of Virginia decisions. Many of them are cited by J. Lee in deliveiing tbe opinion of the court in Slack v. Wood, 9 Gratt., 40.
Before Robinson & Fairbanks obtained their judgments against R. M. Smith & Son, the debt due them by the Richmond Publishing Company had been assigned to Watts, Dibrell and Gretter, for a valuable consideration. And tvro of the principal officers of the company were informed of this assignment. In fact, the company had been formally notified of the assignment, as is shown by *553 the acknowledgment of its treasurer and secretary, endorsed on the notice, and also by his deposition in the cause. It is true that the president, Tyler, who was served with the process against the company, testifies that he was ignorant of the assignment, and failed to make defence for the company; but, on the contrary, testified and acknowledged that the company was indebted to E. M. Smith & Son by the bonds aforesaid, not knowing that they had been assigned to Watts, &c. lie admits that he knew that it was the intention of R. M. Smith &Son to assign the said bonds to Watts, Hibrell and Gretter; yet before he answered to the process, he did not even take pains to enquire whether that assignment had been made. He knew that he had beeu absent in New York, when the assignment might have been made and notice thereof given to the company, yet after being served with process, without enquiring of the other officers whether an assignment had been made and notice thereof given to them in his absence, or making any preparation for the defence of the company, he goes forward carelessly, not to say recklessly, and acknowledges the company’s indebtedness to E. M. Smith & Son. And upon his acknowledgment or testimony judgment was rendered against his company in favor of Robinson & Fairbanks for the amount of their judgment debt against E. M. Smith & Son. And it is remarkable, and evidences the most, extraordinary negligence on the part of this agent of the company, that on the same day the judgment was rendered against the company, he was informed that the bonds had been assigned by R. M. Smith & Son to Watts and others for a valuable consideration, of wffiich the company had been notified prior to the judgment and execution of Eobinson & Fairbanks against R. M. Smith & Son, and he- did nothing to have the error in the judgment against his corrected, *554 which might then have been done; but, as the agent and representative of the corporation allowed the judgment to stand.
-A. corporation can only act through its agents, and mus^ abide the consequences of their acts, done within the scope of their authority. This company’s defence- , , , , „ could only be made through its president or other agents; and by their fault and gross negligence it did not avail, itself of its defence at law, and allowed judgment to go against it for the want of defence. It is, therefore, not in the power of a court of equity, without overturning long-established principles, to reopen the investigation, revise the judgment of the court of law, and relieve against it. The court is, therefore, of opinion to affirm the decree of the chancellor.
Decree appirmed.