# Charlestown.

## BRADEN v. REITZENBERGER.

Decided August 20, 1881.

*(Absent, PATTON, Judge).

1. A court of chancery will not entertain a party seeking relief against a judgment at law rendered in consequence of his default upon grounds, which might have been successfully taken in said court, unless some reason founded in fraud, accident, surprise or some adventitious circumstance beyond the control of the party be shown, why the defence at law was not made.

2. Where an application is made for relief against a judgment, the province of the chancellor is to test the conscience of the parties and not the legality of the judgment.

3. A party without showing more will not be permitted to contradict the solemn records of a court, on the ground that the statements therein are false, that they show that proof was heard, when in fact no proof was heard, and charge that there was consequently fraud in both the party and the court in so entering the judgment.

*Case submitted before he was appointed.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Ritchie, rendered on the 6th day of May, 1879, in a chancery cause in said court then pending, wherein Ezekiel Braden was plaintiff, and S. Reitzenberger was defendant, allowed upon the petition of said Braden.

Hon. James M. Jackson, judge of the fifth judicial circuit, rendered the decree appealed from.

JOHNSON, PRESIDENT, furnishes the following statement of the case:

Reitzenberger brought an action of debt in the county court of Ritchie county against the firm of Rogers & Clammer in 1877, and on the 7th day of June of that year sued out an attachment against said firm, and designated the plaintiff in this cause as a debtor of said firm, which attachment was on the 11th day of said month served on said Braden. On the 13th day of December of the same year the county court by an order reciting, that said Braden had been designated as a debtor of said Rogers & Clammer, required said Braden to appear on the first day of the next term of said court and answer to said attachment, which order was duly served upon him. He was thus twice notified to appear and answer said attachment. On the 13th day of June, 1878, an order was entered in the cause as follows:

"This day came the plaintiff by his attorney, and it appearing to the court, that Ezekiel Braden, who has been duly summoned in the above cause as a garnishee, has failed to appear in the attachment sued out in this cause and disclose under oath, as to how much he is indebted to the defendants Rogers & Clammer, and the court having heard proof as to the amount of his indebtedness due from him to the said Rogers & Clammer, and it appearing, that the amount now in his hands due from him to the said Rogers & Clammer is three hundred and ninety dollars and eighty-three cents ($390.83) with interest thereon from the 11th day of June, 1877, until paid, and that the said plaintiff have leave to sue out execution therefor if not paid within ten days from this date."

To this order the defendant, Braden, obtained an injunction, upon what grounds does not appear in the record. He execu-

ted an injunction-bond with one M. S. Hall as surety thereon. The injunction was afterwards dissolved by the judge of the circuit court of Ritchie county in chambers. Thereupon Reitzenberger brought suit upon the injunction-bond, to enjoin which the injunction in this cause was obtained. The bill recites all we have stated and charges, that the judgment at law "was a fraud" and "was obtained and procured through fraud and mistake, and that the plaintiff S. Reitzenberger by counsel committed said fraud, when he prepared, or caused to be prepared, the order entered on the 13th day of June, 1878, which recites, that the court heard proof of the debt, which is false and untrue; and the said plaintiff knew it, when he prepared said order;" * * * " that there was no proof offered or tendered, nor were there any witnesses sworn in the cause by the plaintiff * * ; and that the court committed a fraud and mistake, when the said order was entered." The bill further charges, "that the county court committed a mistake, when it entered up said judgment." The bill alleges, that plaintiff did not owe Rogers & Clammer anything, and that he had answered in several prior attachments, what he did owe said firm, and that the sum was insufficient to satisfy the prior attachments; and he charges in his bill, that it was the duty of the court to have taken judicial notice thereof, and that such failure to do so should not work to his hardship, and that the failure to take such notice was a mistake if not a fraud.

The plaintiff admits, that a copy of the order of the county court was served upon his wife, but says, that at the time he was absent from home, and after his return home he did not receive it "to the best of his knowledge," but insists, that said order was issued without authority and was void. He admits, that the attachment itself was duly served. The only excuse he offers for his laches is as follows: "Your orator charges, that the law requires proof to be heard in case of a garnishee under attachment, if the party summoned fail to appear.. Your orator knowing such was the law felt confident, that the law would protect him, and that he could not be made responsible for any more than he was in debt to said parties. He therefore relied upon his legal rights, and left the court to determine, to whom the money set forth in his statement should be

paid." He further again charges, "that S. Reitzenberger ·by his attorney prepared the order in said cause, and that the same was so drawn as to make it appear, that proof was heard by the court in order to comply with the law, and that the same was wilfully and fraudulently done, and that the court fraudulently and erroneously entered said order." The bill also charges, that said Reitzenberger recovered against the complainant in said attachment $81.00 more than he claimed in his declaration. The defendant answers and denies the fraud charged *in toto* and relies upon the verity of the·record and the negligence of the plaintiff in this case, but admits, that he received $81.00 more than he was entitled to, and abates that much. The evidence of the clerk of the county court and a deputy-sheriff of the county was taken under objections to prove, that the record did not state the fact, and that in fact no proof as recited in the order was before the court. On the 6th day of May, 1879, the court, upon a final hearing dissolved the injunction·and dismissed the bill. From the said decree the plaintiff appealed.

*Thomas E. Davis,* for appellant, cited the following authorities: Stark. Ev. (9th ed.) 650, § 735 n. q.; Code, ch. 106, § 15; 10 W. Va. 718; 4 H. & M. 427; 10 Gratt. 509; 11 W. Va. 654; 15 W. Va. 208; *Id.* 434; *Id.* 597; 4 W. Va. 600; High on Inj. 71, § 111.

*R. S. Blair,* for appellee, cited the following authorities: 15 W. Va. 441; Freeman on Jdgmts. 72, § 101; *Id.* § 330; Big. Fraud. 170 n. 5; 14 How. (U. S.) 40; 5 How. *193; 2 Story Eq. Juris. § 1575; Code, ch. 134, § 5; 6 Johns. Chy. 239, 240; 2 Lead. Cas. in Eq. part 2, p. 1330.

Johnson, President, announced the opinion of the Court;

It has been many times held both in Virginia and this State, that a court of chancery will not entertain a party seeking relief against a judgment at law in consequence of his default upon grounds, which might have been successfully taken in the said court, unless some reason founded in fraud, accident, surprise or some adventitious circumstances beyond the control of the party be shown, why the defence at law was not made. *Alfred* v. *Moore,* 15 W. Va. 597; ·*Knapp* v. *Snyder,*

*Id.* 434 and cases cited. It must appear that the omission of the defendant to avail himself of the defence at law was unmixed with any negligence of himself or his agents. This rule is absolutely inflexible and can not be violated, even when the judgment is manifestly wrong in law or fact, or when the effect of allowing it to stand will be to compel the payment of a debt, which the defendant does not owe, or which he owes to a third party. *Richmond Enquirer Co.* v. *Robinson et al.*, 24 Gratt. 548 ; *Green* v. *Hamilton,* 16 Md. 317.

It has been justly said, that where an application is made for relief against a judgment, the province of the chancellor is to test the conscience of the parties and not the legality of the judgment, nor to correct the errors, which may have been committed by the court. A different rule would render the jurisdiction of chancery general by converting it into a court, to which an appeal might be had in every instance. Leading Cases in Equity vol. II part II and cases cited. If an application could be made to a court of chancery upon the ground, that there was no evidence in the case to support the judgment, why not upon the ground that there was no evidence as to a part of the recovery, or that the evidence was insufficient to support the judgment. A party without showing more will not be permitted to contradict the solemn records of a court, on the ground that the statements therein are false; that they show, that proof was heard, when in fact no proof was heard, and charge, that there was consequently fraud in both the party and the court in so entering the judgment. If a party could be heard in a court of chancery to make such charges and by the officers of the court to prove them, there would be no stability in judgments, and the most solemn acts of courts of justice, to which the people must look for the protection of their rights, would be liable to be swept away by mere oral testimony. Such assaults upon the solemn acts of courts of record never have been and never can be successfully made.

The plaintiff in his bill shows no equity. He will not be heard to say, that the record states, what is not true, and that therefore a fraud was committed upon him. It was his duty, when summoned to defend his rights, to appear and do so; and when without the shadow of an excuse he pays no attention to the summons, he cannot impeach the judgment in a

court of equity on the ground alleged in his bill, that the record is false. Suitors must learn, and it is strange they have not long ago learned, that when by their own default a judgment is rendered against them, it requires much more than to show, that the judgment was not sustained by law or fact, to impeach it in a court of equity. If they will be careless and not attend to their interests in court, and not watch the entries made of record, they must suffer the consequence of their folly. It is far better, that they should suffer, than that the rights of everybody else should be placed in jeopardy.

The injunction ought to have been dissolved as improvidently awarded, as no equity appears in the bill. As to the $81.00 it appears by both bill and answer, that it was a clerical error, and while it cannot be corrected here, it may in the proper way be corrected in the court below, unless the plaintiff in the judgment will enter it as a credit on the claim.

The judgment of the circuit court is affirmed with costs and $30.00 damages.

JUDGES HAYMOND AND GREEN CONCURRED.