(48 Misc. Rep. 465)

### HOSKINS v. NICHOLS.

(Supreme Court, Special Term, Onondaga County.   November, 1905.)

1. JUSTICES OF THE PEACE—JUDGMENT—VACATING IN EQUITY.

A judgment on default in an action before a justice will not be set aside in equity as obtained by perjury, or because defenses existed which were not interposed, where defendant failed to appeal.

2. SAME—FRAUD—FAILURE TO APPEAL.

A creditor offered to receipt in full upon payment of $3.50 and costs, and on refusal sued in a justice's court. The day before the return of the summons the debtor sent his creditor a check for $5 "to balance accounts," and the creditor, after erasing such words, presented the check and it was paid, and the debtor, supposing the matter settled, failed to appear before the justice, and the creditor received a judgment, not only for the $3.50, but also for two notes barred by limitations. *Held* that, where no appeal was taken by the debtor from the judgment, he could not sue to enjoin the enforcement of the judgment or to set it aside for fraud.

Action by George Hoskins against Henry Nichols to set aside a judgment.   Complaint dismissed.

H. W. Cox, for plaintiff.
W. H. Hilts, for defendant.

ANDREWS, J.   On February 12, 1904, the defendant gave to a constable, for service upon the plaintiff, a summons in an action brought before a justice of the peace.   The constable was instructed to say that, if the plaintiff would pay him $3.50 and costs, he would give to the plaintiff a receipt in full.   If the amount was not paid, the summons must be served.   The plaintiff, when this statement was made to

him, denied that he owed the defendant anything, refused to pay the $3.50, and was thereupon duly served with the summons. The matter was returnable before the justice on February 19, 1904. The plaintiff, however, desired to be away from home at that time. As a result he finally, on the 18th, mailed to the defendant a check for $5—$3.50 being for the amount which he supposed to be claimed in the suit and $1.50 for costs. On the check he wrote the words "to balance accounts." Although he denies it, the defendant undoubtedly received this check on the 19th. He, or some one else, then erased the words "to balance accounts," and some days later it was presented and paid. The plaintiff, supposing matters were settled, did not appear before the justice. The defendant did, and presented a written complaint demanding judgment, not only for the $3.50, but for two notes of the plaintiff which he claimed were lost and which were barred by the statute of limitations. He then gave evidence in support of his claim and obtained judgment for $104.54. Some days later, and before the time to appeal had expired, the plaintiff, Nichols, learned of this judgment. He talked with the justice about it, said it was a fraud, and was advised that his remedy was by appeal. No appeal, however, was ever taken.

Under these circumstances, this action is brought to enjoin any attempt to enforce such judgment and to set it aside on the ground of fraud. As a general rule, the judgment of a court as to any matter within its jurisdiction is conclusive upon the parties. Yet in certain cases courts of equity will intervene. "When a party goes into chancery after a trial at law, he must be able to impeach the justice and equity of the verdict; and it must be upon grounds which either could not be made available to him at law, or which he was prevented from setting up by fraud, accident, or the wrongful act of the other party, without any negligence or other fault on his part." Vilas v. Jones, 1 N. Y. 274. If a party is prevented from appearing by the fraud or misrepresentations of his opponent, if there is fraud in the concoction and procuring of the judgment, in some cases if there has been accident or mistake, or concealment, or pardonable ignorance, if the judgment is entered in violation of an agreement, a court of equity will often interfere. It will never do so, however, where the defendant has a remedy at law by appeal or motion. Nor will it act where he has been negligent himself, or where he has failed to interpose legal defenses of which he has knowledge. "A court of equity will not entertain a party seeking relief against a judgment at law in consequence of his default upon grounds which might have been successfully taken in the said court, unless some reason founded in fraud, accident, surprise, or some adventitious circumstances beyond the control of the party be shown why the defense at law was not made." Braden v. Reitzenberger, 18 W. Va. 286. So, too, the fraud against which equity will relieve must be something extrinsic and collateral to the matter which has been tried. Stilwell v. Carpenter, 59 N. Y. 414; Smith v. Nelson, 62 N. Y. 286; Ross v. Wood, 70 N. Y. 8; Ward v. Town of Southfield, 102 N. Y. 287, 6 N. E. 660; Mayor v. Brady, 115 N. Y. 599, 22 N. E. 237;

Woodruff v. Johnston (Super. Ct.) 19 N. Y. Supp. 861; United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93.

If there was any fraud in the case at bar, it consisted either in the fact that the defendant, in the absence· of the plaintiff, swore falsely that he was the owner of two notes made by the plaintiff, or in the fact that he failed to state that the plaintiff had certain defenses, such as payment, or accord and satisfaction, or the statute of limitations. In no sense was Nichols kept away from the justice's court by false or fraudulent representations. An offer was made to give him, before the action was begun, a receipt in full for $3.50 and costs. He refused it, and was then sued. He may have well believed, as he says he did, that the only amount involved in the suit was this $3.50, and that a payment of $5 would settle the matter. But no fraudulent representations made by the defendant led him to this belief. We have, therefore, the simple case where a court of equity is asked to set aside the judgment of a court of competent jurisdiction, either because that judgment was obtained by perjury, or because defenses existed which might have been, but were not, interposed. If the testimony of the defendant was false, the plaintiff should have been in court and contradicted it. If the plaintiff had defenses, it was his duty to then present them. The judgment in question was obtained by his neglect and his default, and this court cannot· relieve him from it.

It is with regret that I reach this conclusion. It is very possible that the defendant has been guilty of sharp practice; but, if so, his success was rendered possible solely by the negligence of the plaintiff. I find, therefore, that the complaint must be dismissed, with costs. Proper findings may be prepared, and, if not agreed upon, may be settled before me upon due notice.

Complaint dismissed, with costs.