Tucker, P.
The first objection in this case goes to the cause of action. It is said, that in every case for malicious prosecution the defendant is charged with active agency, and that an action for merely advising another to institute a prosecution, is not sustainable. For my part, I can conceive nothing more direct than the charge here. It is, substantially, a charge that the defendant maliciously and without probable cause consulted with, advised and procured one Zir'kel, falsely and maliciously and without probable cause, to prosecute the plaintiff for felony. This procurement is surely actionable. The language of the declaration corresponds with the form of declaring in an action on the case in the nature of an action for a conspiracy; and it was admitted in the argument, that the facts set forth, would be sufficient, if proved, in an action against two or more, to sustain such an action. If so, a charge of such advice and procurement by one, cannot less entitle the plaintiff to this action.
It is next objected, that from their connexion in the declaration, the words without probable cause, apply only to the act of Zir'kel, not to the advice and procurement of the defendant. The charges of malice, and want of probable cause, are reiterated, and stand in connexion with both. *566 Yet, in truth, according to my view of the matter, the ob- ’ ’ ° J , , . jection could not avad, if true, ihe law requires the plaintjff jn th¡s action, to set forth that the prosecution was without probable cause. But, as this is merely because no man can maintain an action for a malicious prosecution, where there was probable cause, it is obvious, that those words should be made to refer to the state of fact, as it respects the person prosecuted, and not to the degree of knowledge of that fact in the party prosecuting.
Then, as to the supposed variance. If the declaration had purported to recite the record of the prosecution, the variance might, perhaps, have been fatal. But that is not the case here. It merely alleges the fact that the plaintiff was acquitted on a particular day; it does not profess to recite the record. Now, the material and substantive part of the allegation was, that the acquittal was before action brought. The date was immaterial. The case of Pope v. Foster, which was cited as in point, has been overruled by the case of Purcell v. Macnamara, 9 East, 157. In this latter case, the action was for a malicious prosecution; the plaintiff alleged in his declaration an acquittal on a particular day, but without a prout patet per recordum; the record, when produced, proved a different day: but it was held, the precise day was not material, the substance of the allegation being that the acquittal was before action brought. This case has been since approved, in Philips v. Shaw, 4 Barn. & Ald. 435. 5 Id. 964. 6 Com. Law Rep. 477. 7 Id. 318.
We are, therefore, of opinion to affirm the judgement.