# Charlestown.

KNAPP v. SNYDER et al.

[Decided August 23, 1879.

1879
August Term.

1. A court of chancery will not entertain a party seeking relief against a judgment at law, in consequence of his default, upon grounds which might have been successfully taken in the court of law, unless some reason founded in fraud, accident, surprise, or some adventitious circumstances beyond the control of the party be shown, why the defense at law was not made.

2. Courts of equity always grant relief in such cases, when it ·is shown that the reason why the defense at law was not made, is founded in fraud, accident, ·surprise or some adventitious circumstances beyond the control of the party.

3. Where a defendant, who had an adequate defense at law, has been prevented from resorting to it by a fraudulent representation or promise by the plaintiff, that he would take no judgment against him, and he need not employ counsel, he will be relieved in a court of equity.

4. Where·a bill shows a case for the interference of a court of equity, on the ground that the action at law was not defended because the plaintiff had promised to take no judgment against the party, and assured him it was unnecessary to employ counsel, and the bill further shows that a plea was put in by counsel for the defendant, without any allegation that such appearance was unauthorized the bill is fatally defective.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Greenbrier, rendered on the 20th day of June, 1877, in a cause in said court then pending, wherein G. Knapp was plaintiff and John Snyder and

others were defendants, allowed upon the petition of said Knapp.

Hon: Homer A. Holt, judge of the eighth judicial circuit rendered the decree appealed from.

JOHNSON, JUDGE, furnishes the following statement of the case:

This is an appeal from a decree of the circuit court of Greenbrier county dissolving an injuntion and dismissing the plaintiff's bill. The bill was filed at November rules, 1875. The object of the bill was to enjoin a judgment recovered at law by John Snyder, who sued for the use of one W. R. Livesay, against the complainants Knapp and T. L. George. The parts of the bill upon which jurisdiction in equity is sought, are as follows: "After * * * this suit was brought for the benefit of Wm. R. Livesay the said John Snyder assured this complainant who called upon him to explain his object, that he, Snyder, did not intend to collect anything of him ; that he need not give himself the least uneasiness about the suit, nor employ any counsel to defend it." The bill further alleges, that "it appears from the records of the court aforesaid, that on the 19th day of October, 1870, a plea of *non assumpsit* was entered in said suit for the defendants, viz : Thomas L. George and this complainant. And it further appears that on the 26th day of April, 1872, the said plea as to the said George was withdrawn and the cause submitted to the court, whereupon judgment was rendered against the defendants therein for the sum of $415.00 with interest until paid, and the costs of the suit. A copy from the record showing these facts is herewith filed, marked number two. It further appears that upon the judgment aforesaid a number of executions have been issued and returned 'no property.' Copies of two of said executions, one endorsed September rules, 1875, and the other February rules, 1873, are herewith filed. There is at this time another execution in the hands of the sheriff of this

county, which he has levied, or at all events he threatens to levy, upon a few young cattle, the goods and chattels of John McKnapp, on the premises of this complainant's wife. The complainant charges, that the actions aforesaid, in the name of Jeremiah Snyder *v.* George and G. Knapp, and John Snyder for use, &c. *v.* Same, were fraudulently instituted by John Snyder; that the judgment in the last mentioned case was obtained through, and by the deceitful and fraudulent conduct, concealments and assurances of the said John Snyder; that said judgment was obtained by default, and in the absence of this complainant, which absence was caused by the fraudulent inducements and assurances before stated upon the part of the said John Snyder."

The bill also exhibits the discharge in bankruptcy of the complainant before the institution of the said suit at law; and the bill alleges that "after the aforesaid discharge in bankruptcy, the suit upon which said judgment was rendered was instituted, and this complainant could easily have pleaded the said discharge in bankruptcy in bar of said suit, and would most assuredly have done so, if he had not been informed and assured by said John Snyder that all defense was unnecessary, as before mentioned."

The bill also alleges, that the complainant does not, nor did not at the time the judgment was rendered, owe the said claim, or any part thereof; and that all matters between the plaintiff and defendant had been compromised and settled before the institution of said suit.

Exhibit number two of the bill, contains the following order entered in the case at law of *Snyder for use of Livesay* v. *Knapp & George:*

"This day came the parties by their attorneys, and the defendant T. L. George, withdrawing the plea as to himself by him heretofore pleaded, saith nothing in bar or preclusion of the plaintiff's action, nor is he in anywise defended, and the cause being submitted to the court as to both the defendants, after hearing the evidence it was

considered by the court that the plaintiff for &c., recover against said defendants the sum of $415.00, with interest thereon from the 26th day of April, 1872, till paid, and his costs here expended."

The defendant, Snyder, answered the bill, denying all the material allegations thereof. In said answer he also avers that " of the action the plaintiff not only had notice, but he appeared and put in a plea of *non assumpsit,* which will fully appear by a copy from the record here filed as an exhibit marked "A," that this action was regularly proceeded in, and on the 26th day of April, 1872, a judgment was rendered," &c.

The order referred to in the answer of Snyder as exhibit "A" is as follows, after stating the case: "On motion of the defendants by their attorney, who pleaded *non assumpsit,* to which the plaintiff by his attorney replied generally, it is ordered, that the judgment and writ of enquiry obtained in the office against the defendant be set aside."

On the 13th day of November, 1875, William P. Rucker, counsel for the plaintiff, filed his affidavit in the cause for a continuance thereof on the ground of the absence of the depositions of John M. Beirn, Jerry Snyder, Thomas L. George, H. M. Mathews and J. W. Harris, who in said affidavit are declared to be material witnesses, and that said plaintiff had not had time nor opportunity to take their depositions, and that the plaintiff could not safely go to trial without the depositions of said witnesses. Although the final decree was not rendered in the cause until the 20th day of June, 1877, yet the depositions of none of said witnesses were taken, except that of T. L. George. On the 16th day of November, 1875, the affidavit of J. W. Harris was taken and filed in the cause, in which affidavit Harris says: "That another suit for this same cause of action, as he understood and believed it to be, was subsequently brought in the name of John Snyder for William R. Livesay *v.* the said George and Knapp; that he was in this suit also the counsel

of said George; that Knapp had no counsel and made no defense thereto, as far as this affiant knows or believes; that he, as counsel for said George, entered the plea of *non assumpsit* for him; that pending the suit the said George, although claiming that said suit was a sham, and that he did not owe a dollar to Snyder or said Livesay, concluded that it was to his interest to adjust said matter; and he, the said George, entered into some settlement or compromise of said suit; that in consequence and in pursuance of said agreement and adjustment the plea as to said George was withdrawn, no further defense was made in said action, and judgment was rendered against him," &c.

On the 19th day of November, 1875, the following order was entered in the cause. "This cause came on this day to be heard upon the bill, the injunction hereinbefore awarded, the answer of the defendant John Snyder, general replication thereto, affidavits, exhibits, the motion to dissolve the injunction; and was argued by counsel. Upon consideration whereof, the court doth adjudge, order and decree, that the injunction hereinbefore awarded the plaintiff, be and the same is hereby dissolved, but this cause is retained in court for further proceedings."

No depositions had been taken in the cause prior to the above order. A number of depositions were afterwards taken and filed in the cause. In the plaintiff's deposition it appears that he was asked the question:

"Did you appear and employ counsel and defend said suit? If not, why did you not defend said suit?" To which he answered. "Because Col. Snyder assured me that he had nothing against me; that he was only after that old block, Tom George. He told me not to employ counsel; that he had nothing against me, and would ask nothing of me; that he merely wanted to wool Tom George. He told me this several times in the presence of my whole family." This is all the plaintiff says about the defense in the suit at law.

Sarah Ann Knapp, a daughter of the plaintiff in answer to a question said : "I have heard conversation between my father and Col. John Snyder respecting said suit ; I don't know that I can state exactly the time said conversation occurred, but it took place at my father's house ; he said that he did not want to make anything off my father, did not want him to defend it; but that he was after T. L. George ; Mr. Snyder said to my father that he need not be uneasy ; he need not employ counsel to defend the suit."

John Knapp a son of the plaintiff, corroborated what his sister had said respecting the above conversation.

Harvey Kincaid in answer to a question said : " I had a conversation with John Snyder at my house ; he said he had brought an action against G. Knapp and T. L. George ; he said he told Mr. Knapp not to pay any attention to it; that he did not owe him anything, and said Mr. Knapp and Mr. George had got $1,500.00 of him for to buy stock, and had returned all except a portion ; that he was after Mr. George for —— ; Mr. Snyder further said that he had told Mr. Knapp, not to employ any counsel, for he did not owe him anything."

On the 11th day of January, 1876, by a vacation order made in the cause the Judge of the court reinstated the injunction.

On the 8th day of June, 1876, the plaintiff by leave of the court filed his amended and supplemental bill in the cause, in which he set up a compromise of all matters between the plaintiff and himself, embracing the claim in said suit, which compromise was made pending the said suit. The reason for not setting up this compromise in the original bill, as given in the amended and supplemental bill, is, that " these facts had been lost sight of, and were not recollected by the plaintiff until his attention was recalled to them during the present term of the court by one of his friends." Here was another lost opportunity for the plaintiff to " mend his hold" by showing

how it was that an appearance was entered for him in the suit at law.

On the 25th of September, 1876, the plaintiff's deposition was again taken, in which he says not a word, about his failure to defend the suit at law.

There was much testimony taken in the cause as to whether Knapp was at all indebted to Snyder, and whether the claim had not been compromised; but it is unnecessary to make any reference thereto. An agreement is copied into the record between A. C. Snyder and the defendant, George, by which George withdrew his plea in the action at law, and the plaintiff and Livesay agreed to use due diligence to collect the judgment from Knapp, and to release George from the judgment, if after due diligence they failed to enforce the judgment against Knapp, in consideration whereof George agreed to pay $150.00, which sum was to be refunded to George, if the amount of the judgment was collected from Knapp; and a receipt is attached thereto, dated December 5, 1872, by A. C. Snyder, of the $150.00, paid by defendant, George. It nowhere appears what relation A. C. Snyder sustained to the plaintiff in the suit at law. These papers are no part of the record, as it nowhere appears how they got into the cause:

On the 20th day of June, 1877, a final decree was entered in the cause,, perpetuating the injunction as to the $150.00 paid by defendant George, and dissolving it as to the residue of the judgment, and dismissing the plaintiff's bill with costs. From this decree the plaintiff appealed.

*William P. Rucker*, for appellant, cited the following authorities:

2 Rob. (old) Prac. 214; 22 Gratt. 140; 2 Tuck. Com. 402, 403; 1 Pars. Con. (3d ed.) 363, 364, 365; 1 Greenl. Ev. §192 and notes; Smith Man. Eq. 78; Adams Eq. 443, 444; 2 Rand. 442; 2 Lom. Dig. 81, §40; 1 Greenl. Ev. §§201, 260.

*Thomas H. Dennis,* for appellees, cited the following authorities:

5 Rob. Prac. 915; 3 McLean 281, 487; 15 Mo. 303; 3 Barb. Ch. 360; Bump. Bankruptcy (6th ed.) 528; 44 Vt. 518; 22 Mich. 475; 4 Ga. 175; 18 N. H. 518; 6 W. Va. 168; Story Eq. §190; Holcombe Eq. 43, 45; 6 W. Va. 80; 9 Gratt. 40; Hilliard Inj. 296; *Id.* 211; 1 Greenl. Ev. §190 and notes; 9 Leigh 144; 6 Rand. 358; Code ch 138, §9.

JOHNSON, JUDGE, delivered the opinion of the Court:

The first question presented is: Under the pleadings and proofs in this cause, was the plaintiff entitled to relief in equity? It is well settled, that a court of chancery will not entertain a party seeking relief against a judgment which has been rendered against him in a court of law, in consequence of his default, upon grounds which might have been successfully taken in the court of law, unless some reason founded in fraud, accident, surprise, or some adventitious circumstance beyond the control of the party be shown why the defense at law was not made. This wise rule springs out of the positive necessity that there must be some period at which litigation shall cease. A court of equity will not grant relief merely because injustice has been done. The party seeking the relief must show that he has been guilty of no *laches,* but that he has done everything that could have been reasonably required of him under the circumstances of the case. But courts of equity have always granted relief in such cases when it is shown that the reason why the defense was not made at law, was founded in fraud, accident, surprise, or some adventitious circumstance beyond the control of the party. *Mosby* v. *Harkins,* 4 H. & M. 427; *Degrafenreid* v. *Donald & Co.,* 2 H. & M. 10; *Herd* v. *Dishman,* 5 Call 279; *Franklin's adm'r* v. *Harwood,* 6 Ran. 125; *Mason* v. *Nelson,* 11 Leigh 227; *Holland et ux.* v. *Trotter,* 22 Gratt. 139; *Poindexter* v. *Waddy,* 6 Munf

Syllabus 1.

Syllabus 2.

56

418; *Smith* v. *McLain*, 11 W. Va. 655; *Shields* v. *Mc-Clung*, 6 W. Va. 79 and cases cited.

Where a defendant, who had an adequate remedy at law has been prevented from resorting to it by a fraudulent representation or promise by the plaintiff, he ought to be relieved in equity. *Poindexter* v. *Waddy, supra.* There is sufficient in one part of the bill to show clear ground for equitable interference. The bill charges that the plaintiff in the suit at law told the said Knapp, the plaintiff in this cause and defendant in the law court, "that he did not intend to collect anything off him; that he need not give himself the least uneasiness about the suit, nor employ any counsel to defend it;" and the bill further says, that the "judgment was obtained through and by the deceitful and fraudulent conduct, concealment and 'assurances of the said John Snyder; that said judgment was obtained by default and in the absence of this complainant, which absence was caused by the fraudulent inducements before stated." He had a right to rely upon the truth of the statement made by the said plaintiff and conclude that he would keep his word, and not seek to enforce any judgment against him; and believing the said statement not to defend the suit at law, and if thus assured he made no defense, and injustice was done him, equity would grant relief. But unfortunately for him the bill shows upon its face, that a plea was entered for him in the court of law, and he nowhere alleges that such appearance was unauthorized. The bill is fatally defective in this respect.

He proves the allegation of his bill as to the assurance given him by the plaintiff in the suit at law, and that he need not employ counsel; but the answer alleges that he appeared in the court at law, and pleaded to issue; and there is no allegation in the bill or proof in the cause, that such appearance was unauthorized, was mistaken, or fraudulent. If such proof had been in the cause, it might, and perhaps would, have been the duty of the court upon its own motion to permit him to

amend his bill. There is copied into the record, but it is not properly a part thereof, the affidavit of J. W. Harris, in which he says that he was counsel in the suit for George, that "Knapp had no counsel, and made no defense thereto, as far as this affiant knows or believes, that he as counsel for said George entered the plea of *non assumpsit* for him." This affidavit may have been, and perhaps was read, upon the hearing of the motion to dissolve, on the 19th day of November, 1875, but that injunction was afterwards reinstated. And although the final decree was not rendered until the 20th of June, 1877, yet neither the deposition of Harris, nor of any other witness, as to the defense of the suit at law, was taken in the cause.

For the foregoing reasons the decree of the circuit court is affirmed, with costs and $30.00 damages.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.