# CHARLESTON.

## BIERNE *et al. v.* RAY *et al.*

Submitted January 12, 1893.—Decided January 28, 1893

1. BILL IN CHANCERY—PROOF—PLEADING.

   A plaintiff can no more recover without sufficient averments in his bill than he can without proof of his averments properly made; the one is as essential as the other, and both must concur, or relief will not be granted.

2. BILL IN CHANCERY—ANSWER—DEPOSITIONS—DECREE—REVERSAL—PRACTICE.

   Where a cause is brought on even by consent to be heard upon the bill and answer, and there is no replication, the answer is to be taken as true in every part of it, including also the facts

stated, which are not responsive to the bill; but a decree will not be reversed for want of a replication, where the defendant has taken depositions, as if there had been a replication.

3. FRAUDULENT CONVEYANCES—FRAUD.

Where a conveyance is made to a near relative, the fact is calculated to awaken suspicion, and the transaction will be closely scrutinized, though the fact is not of itself sufficient to raise a presumption of fraud.

4. FRAUDULENT CONVEYANCES—INADEQUACY OF PRICE.

Mere proof of inadequacy of price by itself has been considered insufficient to implicate the vendee in the fraudulent intent, and inadequacy of price, unless extremely gross, does not *per se* prove fraud. It must appear that the price was so manifestly inadequate as to shock the moral sense, and create at once upon its being mentioned a suspicion of fraud.

5. BILL IN CHANCERY—ANSWER—FRAUDULENT CONVEYANCES—PRACTICE.

Where a bill seeks to set aside a deed of conveyance as voluntary and fraudulent, and the grantee in his answer denies any knowledge of fraud in the transaction, in the absence of any replication to said answer such allegation will be taken to be true.

T. L. MICHIE and EUSTACE GIBSON for appellants.

MARCUM & PEYTON for appellees, cited 11 Gratt. 782; 21 W. Va. 477; 1 Bar. Ch'y Pr. 515; Id. 530; Waite, Fraud. Con. § 232; 9 N. H. 31; 7 Watts 434.

ENGLISH, PRESIDENT:

This was a suit in equity, brought in the Circuit Court of Cabell county by E Bierne and G. Friedman, partners doing business in the firm name of Bierne & Friedman, against Catherine Ray and William H. Smith. The object of the suit was to set aside as fraudulent a certain deed of conveyance made by the defendant Catherine Ray to William H. Smith for a certain tract of land alleged to contain thirty four acres, and to subject said tract of land to the payment of a judgment obtained by the plaintiffs against said Catherine Ray for the sum of one hundred and fifty two dollars and six cents and two dollars and seventy five cents costs, which judgment was recovered on the 11th day of March, 1890, and which was docketed on the 8th day of January, 1891.

The ground, upon which it is sought to set aside said

conveyance, is that the same was fraudulent, and that no consideration passed from the defendant W. II. Smith to his co-defendant, Catherine Ray, for said thirty four acre-tract of land.

The bill was taken for confessed as to the defendant Catherine Ray, but the defendant W. II. Smith filed his answer in which he alleged that he purchased from his co-defendant the tract of thirty four acres of land in the bill mentioned, paying therefor one hundred and thirty six dollars, and received from his said co-defendant on the 17th day of December, 1889, a deed therefor, and caused the same to be duly recorded on the 17th day of December, 1889, in the county court clerk's office of Cabell county, and he refers to a certified copy of said deed, filed as Exhibit A with complainants' bill, and asks that the same may be considered as a part of his answer; but he denied that said tract of land was conveyed to him by his co-defendant with intent to hinder, delay, or defraud the plaintiffs or any person or persons in the collection of their debts. He also denied that said conveyance was voluntary and without consideration, and alleged that, on the contrary, he purchased said tract of land from his co-defendant in good faith, without any knowledge of her indebtedness to the plaintiffs or to any other person, and paid her therefor a valuable consideration, to wit, one hundred and thirty six dollars which was a fair cash value for said land; and that if there was any fraudulent intent on the part of his co-defendant, he had no knowledge of it whatever.

To this answer there was no replication, and as to the effect of a failure to file a replication, Barton, in his chancery Practice (volume 1, p. 398) says: "But it has been frequently held, both in Virginia and elsewhere, that when a cause is brought on even by consent to be heard on the bill and answer, and without any replication, the answer is to be taken as true in every part of it, including also the facts stated, which are not responsive to the bill." On page 416 of the same volume, the same author says: "While, therefore, there is no obligation upon the plaintiff to enter up a replication, and while for lack of one a case can not be reversed where the defendant has taken deposi-

sitions as if there had been one, yet the effect of his failure to do so will be to cause the allegations of fact and the denials of the answer to be taken as true."

In Story's Equity Pleadings (section 877) the author says: "The replication is the plaintiff's avoidance or denial of the answer or defence, and in the maintenance of the bill, to draw the matter to a direct issue, which may be proved or disproved by testimony."

So in the case of *Findlay* v. *Smith*, 6 Munf. 142, CABELL, J., in delivering the opinion of the court, says: "As the answers, however, are not replied to, the facts which they state in relation to the controversy, whether responsive to the bill or not, must be taken to be true."

The effect of the want of a replication has been considered by this Court in the case of *Snyder* v. *Martin*, 17 W. Va. 276, where it is held: "Where an answer is filed, and not replied to, the allegations therein, whether responsive to the bill or not, must be taken as true."

The fact that the bill alleges that the sale of the thirty four-acre tract of land to the defendant W. II. Smith was made with intent to hinder, delay and defraud the plaintiffs, and that said pretended sale was fraudulent, and that no consideration passed from the defendant W. II. Smith to the defendant Catharine Ray, and that said allegations remain uncontroverted by an answer, so far as said Catherine Ray is concerned, can not affect the rights of said W. II. Smith. In the answer filed by him he expressly denies that said tract of land was conveyed to him by his co-defendant with intent to hinder, delay, and defraud the plaintiffs, or any person or persons. He also denies that said conveyance was voluntary, and without consideration, but, on the contrary, alleges that the same was purchased in good faith, without any knowledge of her indebtedness to the plaintiffs, or to any other person, and that he paid her therefor a valuable consideration, to wit, one hundred and thirty six dollars, which was a fair cash value for said land; and, although the bill does not allege that he had any notice of any fraudulent intent on the part of his co-defendant, yet he alleges in his answer that if there was any fraudulent intent on the part of his co-defendant he had

no knowledge thereof whatever. In the absence of a re-plication this allegation, although not responsive to the bill, must be regarded as true.

Depositions were taken by both plaintiffs and defendants in the cause after the filing of said answer, and on the 4th day of September, 1891, a decree was rendered in the cause dismissing the plaintiff's bill, with costs, from which de-cree this appeal was taken.

While it is true that section 4 of chapter 134 provides that "no decree shall be reversed for want of a replication to the answer," where the defendant has taken depositions as if there had been an answer, yet, in the absence of that statute, can we say the decree complained of was errone-ous, when considered upon the merits?

The first error assigned is that the court erred in setting aside a decree by default which was entered in the cause at the March term, 1891. This decree appears to have been made at the same term of the court at which said de-cree by default was entered, and this action was taken by the court upon an affidavit filed by the defendant W. H. Smith, which showed that he was unable sooner to file his answer on account of sickness, and that he was the abso-lute owner of the thirty four-acre tract of land sought to be sold; and, the decree being still in the breast of the court, we can see no good reason why the answer should not have been allowed to be filed. The decree which was set aside, it is true, set aside the deed, and directed the sale of said tract of land; and while it might be regarded as an appealable decree, it can not be regarded as such a final de-cree as to preclude and prevent the court, for sufficient cause shown, to set it aside, and allow the defendant to file his answer.

The second assignment of error is that the court erred in entering the final decree complained of at the September term, 1891; and the third assignment of error is that the court erred in not entering a decree to set aside the conveyance of December 17, 1889, as fraudulent and void as against the plaintiffs. These assignments may be considered together, as they involve the same questions.

Now, when we consider the fact that the defendant al-

leges in his answer that he purchased the land in good faith without any knowledge of his co-defendant's indebtedness to the plaintiffs, or to any other person, and that he paid her a valuable consideration therefor, to wit, one hundred and thirty six dollars which was a fair cash value for the land, and that he had no knowledge of any fraudulent intent on the part of his co-defendant, and that these allegations are not put in issue by a replication, and when we look to the testimony we find that much of it is irrelevant, from the fact that it relates to the value of the interest of the defendant Catherine Ray in the eighty six-acre tract of land, which the plaintiffs' bill does not seek to subject, but, referring to that which is relevant, it appears that the average estimate put upon the thirty four-acre tract by the witnesses was six dollars per acre, which would aggregate two hundred and four dollars and the defendant Smith alleges that he paid one hundred and thirty six dollars for it (as a matter of course the witnesses were approximating the value of said thirty four-acre tract) but, if six dollars is considered the actual value of the land, the difference between the value so ascertained and the amount for which it was sold is not so great as to shock the moral sense, or create any suspicion of fraud; and the evidence in the case does not show that said conveyance was voluntary, or that the defendant Smith had any notice of fraud on the part of said Catherine Ray; on the contrary, the depositions show that the sum of one hundred and thirty six dollars was paid for the land; and the defendant Smith in his deposition denies any fraudulent intent on his part, or notice of any such intent on the part of his co-defendant—we must conclude that the case is with the defendant upon both evidence and pleading.

The only question as presented by the pleadings, is whether the defendant Smith was an innocent purchaser for value of said thirty four-acre tract of land. He asserts it in his answer, and it must be taken as true in the absence of a replication, as we have seen; but he goes further, and sustains his answer by proof. It is true that the conveyance was made to a brother, and it also appears in the evidence that Catherine Ray remained in possession of the

land after the conveyance to her brother was made. It is further true that she does not deny the alleged fraudulent intent on her part in making the conveyance by filing an answer, but these facts, uncontroverted, have nothing to do with the question as to whether the defendant Smith paid a valuable consideration for said land, or had any notice of the fraudulent intent on her part.

The plaintiff's bill, however, does not allege that the defendant Catharine Ray remained in possession of said tract of land after said conveyance; and in the case of *Pusey* v. *Gardner*, 21 W. Va. 476, 477, this Court held as follows: "The object of pleading is to give notice to the opposite party of the character of the claim or charges against him. A mere legal conclusion is not a fact which can be met by proof. If the facts are stated the law determines the conclusion; but the law will not infer the facts when the conclusion merely is stated. A plaintiff can no more recover without a sufficient averment in his bill than he can without proof of his averments, if properly made. The one is as essential as the other, and both must concur, or relief will not be granted. * * * The same rule, both in respect to pleading and proof, applies with equal force to charges of fraud, misrepresentation, and undue influence. The particular acts, words, or conduct relied on to establish the fraud, misrepresentation, or undue influence must be, in effect, averred, and satisfactorily proven."

Waite, Fraud. Conv. § 242, says: "It is said by the Supreme Court of Pennsylvania that 'there is no law prohibiting persons standing in near relationship of business or affinity from buying from each other, or requiring them to conduct their business with each other in special form.' The sale of property by a father to his son, or by the son to his father, can not, in itself, be considered as a badge of fraud. * * * Relationship of the parties, however, is calculated to awaken suspicion, and the transaction will be closely scrutinized, though that fact is not, of itself, sufficient to raise a presumption of fraud."

The same author says (section 232:) "Mere proof of inadequacy of price, by itself, has been considered insufficient

to implicate the vendee in the fraudulent intent, or to impeach his good faith; and inadequacy of consideration, unless extremely gross, does not, *per se*, prove fraud. It must appear that the price was so manifestly inadequate as to shock the moral sense, and create at once, upon its being mentioned, a suspicion of fraud."

The allegation of the defendant Smith, in his answer, is that he paid a fair cash value for said land, which allegation is uncontroverted, and is also sustained by the evidence; and, as there is no proof showing that said conveyance was voluntary or fraudulent, my conclusion is that there is no error in the decree complained of, and the same must therefore be affirmed, with costs and damages to the appellees.

AFFIRMED.