## CHARLESTON.

STEVENS v. JOHNSON *et al.*

Submitted February 20, 1912.   Decided May 6, 1913.

1. REFORMATION OF INSTRUMENTS—*Mistake—Relief—Proof.*
   Equity will relieve against a mutual mistake in the execu-
   tion of a deed only where the mistake is clearly established, by
   proof that leaves no reasonable doubt that the writing does not
   correctly embody the real intention of the parties.   (p. 435).

2. APPEAL AND ERROR—*Finding—Conflicting Evidence—Equity.*
   A finding in equity from conflicting evidence, not contrary to
   a plain preponderance, will not be disturbed on appeal.   (p.
   435).

Appeal from Circuit Court, Greenbrier County.

Bill in equity by Joseph W. Stevens against L. E. Johnson
and others.   From decree for defendants, plaintiff appeals.

*Affirmed.*

*J. S. McWhorter,* for appellant.
*Henry Gilmer,* and *T. N. Read,* for appellees.

ROBINSON, JUDGE:

Stevens conveyed to Ely a tract of land.  ·No vendor's lien
was retained in the deed, for deferred purchase money to be
paid in one year.   Johnson, a banker, furnished the cash pay-
ment, and Ely immediately conveyed a one-half interest in the
land to him.   Later, Ely, who had become involved financially
within the year, conveyed the remaining one-half interest to
Johnson.  ·So it was that Johnson protected himself as to Ely's
indebtedness to his bank, for which indebtedness Johnson, as an

officer of the bank, had become liable by reason of permitting Ely to overdraw. But Stevens was left wholly unprotected as to the purchase money due him. Thereupon he brought this suit, seeking to set up and establish that the omission of a vendor's lien in his deed to Ely was a mutual mistake of the parties, and that Johnson took conveyances of the land with knowledge of the mistake. In the alternative, Stevens also alleged that the conveyance to Johnson of the latter one-half interest was wholly voluntary and fraudulent. If the deed could not be corrected as to the alleged mistake, Stevens sought to have the last conveyance to Johnson set aside as for naught, so that the property conveyed thereby might be impressed with the purchase money debt. Upon a hearing, the court dismissed the bill.

The evidence does not establish that by a mutual mistake the retaining of a vendor's lien was omitted from the deed of Stevens to Ely. Such a mistake in a written instrument as plaintiff asserts can only be corrected in equity by clear and satisfactory evidence. Justice Story says: "If the proofs are doubtful and unsatisfactory, and the mistake is not made entirely plain, equity will withhold relief, upon the ground that the written paper ought to be treated as a full and correct expression of the intent until the contrary is established beyond reasonable controversy." Eq. Jur., sec. 152. We have cases announcing this almost elementary rule. *Jarrell* v. *Jarrell,* 27 W. Va. 743; *Koen* v. *Kerns,* 37 W. Va. 575; *Robinson* v. *Braiden,* 44 W. Va. 183; and others. Equity will relieve against a mutual mistake in the execution of a deed only where the mistake is clearly established, by proof that leaves no reasonable doubt that the writing does not correctly embody the real intention of the parties. It suffices to say that the evidence in the record before us does not plainly show that, at the time the deed was executed, both parties thereto intended it to contain reservation of a vendor's lien. And even if a mutual mistake in this particular were shown, the evidence is not sufficient to charge Johnson with notice, when he took conveyances for the land, that the parties had been mutually mistaken in not writing a vendor's lien in the deed of Stevens to Ely.

Nor is the charge of voluntariness and fraud in the last conveyance of Ely to Johnson sustained. Johnson proves that he took the conveyance for that which is a consideration deemed

valu'able in law.   True, some admissions of Johnson to the contrary are shown, but on this conflict we can not by any means say that the chancellor was manifestly wrong.   A finding in equity from conflicting evidence, not contrary to a plain preponderance, will not be disturbed on appeal.   *Bradshaw* v. *Farnsworth,* 65 W. Va. 28.

It is submitted on cross assignment that defendant's demurrer to the bill should have been sustained, on the ground of inconsistency in the alternative features thereof.   But our conclusion that the bill was properly dismissed at the hearing precludes necessity for a consideration of the sufficiency of the bill.

An affirmance of the decree will be ordered.

*Affirmed.*