# CHARLESTON.

MARY E. SANDS, *An Infant, etc. v.* PERRY C. SANDS *et als.*

## (No. 5796)

### Submitted May 10, 1927.   Decided May 24, 1927.

JUDGMENT—*Default Decree Cannot be Set Aside During Term, Unless Defendant Shows Good Cause by Affidavit; Good Cause for Setting Aside Default Decree Can Only Appear by Affidavit Showing Fraud, Accident, Mistake, Surprise, or Some Adventitious Circumstance Beyond Defendant's Control and Free From Her Neglect; Affidavits That Defendant Was Informed Bill to Cancel Conveyance Had Not Been Filed Held Insufficient to Set Aside Default Judgment.*

A decree entered upon the default of the defendant to answer cannot be set aside during the term at which it was entered, at the instance of such defendant, and she be allowed to file such answer as would delay or continue the suit, unless she shows by affidavit good cause therefor; and such good cause can only appear by showing fraud, accident, mistake, surprise or some adventitious circumstance beyond her control and free from her neglect.

(Judgments, 34 C. J. §§ 548. 549, 674.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by Mary E. Sands, an infant, etc., against Perry C. Sands and others. From a decree sustaining defendants' motion to set aside, vacate, and annul a default decree, plaintiff appeals.

*Decree reversed.*

*B. J. Pettigrew* and *Sam Silverstein,* for appellant.
*E. L. Stone* and *Lilly & Lilly,* for appellee Mary F. Sands.

WOODS, JUDGE:

This appeal is taken from the action of the circuit court of Kanawha county in sustaining defendant's motion to set aside, vacate and annual a final decree granting plaintiff the relief prayed for in her bill.

Summons issued January 19, 1926, returnable to February rules. At February rules plaintiff filed her bill (asking that a certain conveyance be cancelled and annulled, etc.), and a decree *nisi* entered. The bill was taken for confessed at March rules and set for hearing; and being matured and set for hearing as to said defendants at the next succeeding term of said court, and the defendants not having appeared or made defense, though duly served with process, the circuit court on June 5, 1926, entered a final decree. On the 17th day of July, 1926, the last day of said term, defendant Mary F. Sands moved the court to set aside, vacate and annul said final decree, and filed in support thereof her own affidavit, together with the several affidavits of E. L. Stone, attorney, and E. A. Stone, stenographer. These affidavits were to the effect that Mary F. Sands had employed E. L. Stone to rep- resent her in the case; that she went to said attorney's office after February rules and that E. A. Stone went to see if a bill had been filed and returned with the report that it had not; that defendant called at said attorney's office after each succeeding rules and that E. A. Stone called said clerk's office to ascertain whether said bill had been filed, but that on each occasion, to-wit, February, March and April, 1926, they were advised by the clerk that the bill had not been filed, and, three rule days having passed, was advised by E. A. Stone that said suit was dead; that on the 3rd of June, defendant received a notice to take depositions on the 17th; and that on the 4th of June she visited E. L. Stone's office, etc. Plaintiff introduced evidence in the form of two affidavits, one of Sam Silverstein, attorney, and that of W. L. Price, clerk of the circuit court, which in effect were as follows: That the said bill had been filed and matured, as hereinbefore related, and that all rules were taken up on the bill and entered in the records of the clerk's office; that said bill was never removed from said clerk's office until June 4, 1926, and then only for the purpose of preparing the final decree entered herein; that it is improbable that any request or inquiry had ever been made at said clerk's office with respect to said bill prior to the entry of said final decree; that at no time prior to June 17, 1926, and after said final decree had been entered, did the defendant or counsel for the

defendant make any appearance in the suit or call upon or ask the plaintiff or counsel for the plaintiff for said bill, or a copy of same, or take any other interest in the proceedings. The affidavit of said attorney explained how said notice to take depositions had been inadvertently given by co-counsel.

But one question is raised: Has the defendant shown good cause, i. e., fraud, accident, mistake, surprise or some adventitious circumstances beyond her control and free from her neglect? *Gainer* v. *Smith,* 101 W. Va. 314; *Wilson* v. *Kennedy,* 61 W. Va. 1; *Smith* v. *Cooperative Association,* 48 W. Va. 241. Of course, there is a conflict in the matters set out in the affidavits on behalf of plaintiff and defendant. But surely the record of the court showing that the bill was regularly filed at February rules, decree *nisi* thereon, and at March rules the bill was taken for confessed and the cause set for hearing, outweighs the declaration in the affidavits to the effect that repeated requests of the proper officers as to whether such bill had been filed had been made by the stenographer of the defendant's attorney, who received a negative reply each time. Then the record is augmented by the affidavit of the clerk to the effect that the facts stated in the record obtain and that the bill had never been removed from such office since its first filing until it was dislodged on request of the attorney for the plaintiff to draw the decree complained of. We are constrained to hold that the defendant has failed to carry the burden cast upon her by the rule announced in the cases cited. She was in no wise misled by anything said or done by the attorneys for the plaintiff; nor did the notice to take depositions, inadvertently given by one of counsel, militate against her. We cannot say that her action was unmixed with negligence. As this court said in *Gainer* v. *Smith,* 101 W. Va. 314, "the slightest negligence will defeat the application" of the rule.

The decree of the circuit court will be reversed, and the decree of June 5, 1926, reinstated.

*Decree reversed.*