Florence Sigmond *et al. v.* Luemma Forbes *et al.*

(No. 6938)

Submitted April 28, 1931.   Decided May 12, 1931.

*Lilly, Lilly & Warwick,* for appellants.
*Brown, Jackson & Knight,* for appellees.

Maxwell, Judge:

Appellants, who were plaintiffs in the trial court, are children and heirs at law of W. R. Forbes, deceased. They instituted a chancery suit in the circuit court of Kanawha County against Luemma Forbes, widow of said decedent, and others, the object of which was to cancel a deed made by Luemma Forbes to T. J. Casto, and have partitioned a certain tract of land of which plaintiffs claim a moiety, along with defendant, Charles Forbes, as heirs at law of said W. R. Forbes. The suit was matured for the May, 1930, term of the circuit court, and early in that term a default decree was entered granting plaintiffs the relief sought. Later in the term, on motion of defendants, the said decree was set aside. It is from this latter decree, setting aside the default decree, that plaintiffs appeal.

In support of the motion to set aside the default decree, counsel for defendants filed his affidavit stating that he obtained the bill from the circuit clerk's office about the middle of January and that about that time he informed the junior

member of the firm of three lawyers who had instituted the suit on behalf of the plaintiffs that he, affiant, represented the defendants; that affiant later discussed the matter with another member of said firm and advised him that he, affiant, desired to demur to the bill and that at that time an agreement was made between them that the demurrer should be taken up for consideration at a time convenient for the circuit judge, and that relying upon such agreement he filed no formal demurrer. The junior member of the firm representing plaintiffs states that counsel for defendants did speak to her about the case and she told him that she understood that her firm represented the plaintiffs but that she did not know about the case herself; that it was being looked after by one or both of the other two members of the firm. The member of said firm with whom counsel for defendants claims to have had an agreement with reference to submitting a demurrer to the court says, on oath, that he did not enter into an agreement with counsel for defendants with reference to the submission of the matter on demurrer as stated by counsel for defendants. The senior member of said firm also filed an affidavit in which he averred that he participated in no agreement of any sort with counsel for the defendants with reference to the submission of a demurrer or otherwise. Other matters presented in the several affidavits are of secondary consequence merely.

These are all reputable lawyers, known to this Court to be such. The situation involves one of those unfortunate misunderstandings which seem unavoidably to arise now and then even among the most well-intentioned practitioners at the bar.

It is settled law that, for good and sufficient cause shown, a default decree may be set aside by the trial chancellor at the same term of court at which it was entered, and this Court has defined good cause to be such as "can only appear by showing fraud, accident, mistake, surprise, or some other adventitious circumstance beyond his (the defendant's) control, and free from his neglect." *Wilson* v. *Kennedy*, 63 W. Va. 1, 11; to the same effect, *Bierne* v. *Ray*, 37 W. Va. 571, 575; *Bartrug* v. *Edgell*, 80 W. Va. 220; *Sands* v. *Sands*, 103

W. Va. 701. This is analogous to the setting aside of default judgments under section 47, chapter 125, Code 1923 (Code 1931, 56-4-52). *Post* v. *Carr,* 42 W. Va. 72; *Gainer* v. *Smith,* 101 W. Va. 314.

In the instant case the trial chancellor was well warranted in believing that clearly a misunderstanding had arisen between counsel for the plaintiffs and counsel for the defendants—a mistake and adventitious circumstance within the meaning of "good cause",—and that for that reason the default decree should be set aside and the defendants afforded opportunity to demur and plead. This Court cannot say that the trial chancellor abused his discretion in so decreeing, or that the facts and circumstances did not warrant that action.

The decree of the trial chancellor is affirmed.

*Affirmed.*