GUARANTY COMPANY OF MARYLAND *v.* NELSON C. HUBBARD *et al.*

(CC 551)

Submitted April 21, 1936. Decided June 9, 1936.

*McCamic & Clarke,* for plaintiff.

*Hubbard & Hubbard* and *Wm. B. Casey,* for defendants.

WOODS, JUDGE:

This certificate involves the sufficiency of a bill of complaint in a judgment creditor's suit, the demurrer thereto having been overruled.

The purpose of the suit, brought to June Rules, 1935, against Nelson C. Hubbard, individually, and as surviving executor of the estate of W. P. Hubbard, deceased, and also as an executor of the estate of Alma R. Hubbard, and others, is to enforce a certain judgment lien existing in favor of plaintiff against an alleged interest of Nelson C. Hubbard, as distributee under the will of his father, W. P. Hubbard, deceased, in certain real estate at or after the date of such judgment.

The will, probated December 24, 1921, after directing the payment of debts and funeral expenses and making certain specific devises to his daughter, Alma, and the children of another daughter, provides, in paragraph 9 thereof, that the residue of the estate real, personal and mixed "shall be divided into four equal shares;" and makes disposition in paragraphs 10, 11, 12 and 13 of said four shares. Pertinent portions of the will provide:

"10. I give, devise and bequeath one of said four shares to my son Nelson C. Hubbard.

\*  \*  \*  \*  \*  \*  \*  \*  \*

13. I give, devise and bequeath the remaining one-fourth share to my executors hereinafter named to be held and disposed by them as hereinafter directed. I direct them first to pay out of said share the bequests which I hereby make to the following

named persons and corporations. (Eighteen bequests follow.) * * * Any bequest under this clause which may fail, lapse or for any reason not take effect, and any bequest to any legatee who may not survive me, shall except in a case where it is otherwise specifically provided go and be paid, one-third to my son Nelson, one-third to my daughter, Alma, and the remaining one-third to my said son and daughter jointly and the survivor of them to be added to the residue of said fourth share by the next following clause numbered 14 directed to be taken and held by them.

14. After the payment of the legacies and bequests specified in the last foregoing clause numbered 13, I give, devise and bequeath to my son Nelson and my daughter Alma jointly, and the survivor of them in fee simple and absolutely the residue of said fourth share, and also all other property primarily given by this will to others which may revert or come to my said son and daughter jointly under the provisions of this will. While the power and authority, and ownership and title to my said son and daughter and survivor of them with respect to the residue and property last above mentioned is to be absolute and uncontrolled I express the hope that out of such residue and property, principal and interest they may from time to time give and pay such sums to such persons or corporations or employ, invest or contribute them for such purposes or uses as they may elect which in their opinion would meet my approval if I were then living whether such gifts, payments, employment, investment or contribution be for educational, charitable or other purposes, or to, or for the benefit of others. The gift or use of some part of the said residue and property by way of memorial to their mother is recommended to my son and daughter. * * *

* * *     * * *     * * *

18. My said executors and the survivor of them shall * * * have power from time to time in their discretion to sell, lease or otherwise dispose of, and to convey, transfer and assign any property, real or personal belonging to my estate and not herein specifically devised or bequeathed, and to

reinvest the proceeds of any such sale, lease or disposition as well as any other funds of my estate. The said executors and trustees shall have the like powers with respect to any property, real or personal, held by them upon, subject to or affected by any trust hereby created. * * *

19. I authorize the executors of this my will in the exercise of their powers and duties as such, or as trustees under any of the provisions of this will to continue to hold any of the investments belonging to my estate and not hereinbefore specifically devised or bequeathed, whether such investments be in real estate, stocks, bonds, or other securities or property which I may hold at my decease so long as my said executors may deem it expedient to do so."

It appears from the allegations of the bill, and exhibits filed therewith, that plaintiff's judgment was secured on February 2, 1926, in a proceeding by notice of motion, against Nelson C. Hubbard; that it was in the sum of $21,970.00 with interest at 1/20 of 1% per day until paid, and the further sum of $1,700.00 with interest at 6% until paid, and the costs of $24.60; that it was duly recorded on April 7, 1936, on which day an execution was issued and returned "no property" found, and the same recorded in the office of the clerk of the county court; that subsequent executions (the last on March 5, 1934) have been equally unavailing; that the judgment, plus interest, now amounts to approximately $50,000.00; that the Memorial Aid Fund, presumably for purpose of carrying into effect the wishes of W. P. Hubbard, as expressed in paragraph 14 of the will, was chartered in 1925; that the charter was not recorded until February 21, 1928; that the executors, in December, 1931, made their first transfer of property to the Memorial Aid Fund; that two of the first deeds to said Fund recite that the conveyances were "in partial distribution of the estate of said decedent pursuant to item 14 of said will"; that said Memorial Aid Fund in turn made numerous conveyances from said property; that both Memorial Aid Fund

and subsequent grantees, took said real estate subject to the plaintiff's judgment lien; that Nelson C. Hubbard has been insolvent since 1927; and that the rents and profits thereof will not satisfy such lien within five years.

It is contended on behalf of the plaintiff that the foregoing constitutes a sufficient allegation of an interest in real estate to support the bill. The statute provides: "Every judgment for money rendered in this state * * * shall be a lien on all of the real estate of or to which the defendant in such judgment is or becomes possessed or entitled, at or after the date of said judgment * * *." Code 1923, ch. 139, sec. 5. And this right is enforceable in, and according to the principles governing courts of equity. Code 1923, ch. 139, sec. 7. The apparent interest of the debtor can neither extend nor restrict the operation of the lien, so that it shall encumber any greater or less interest than the debtor in fact possesses. *Pack* v. *Hansbarger*, 17 W. Va. 313; *Snyder* v. *Martin*, 17 W. Va. 276, 41 Am. Rep. 670.

The plaintiff contends that under clause 10, Nelson C. Hubbard took absolutely and in fee simple an undivided one-fourth part or share in the residuum of his father's estate (both real and personal) after the bequests in the first eight paragraphs of the will were satisfied. And, further, that paragraph 18 did not grant power to dispose of real estate and invest proceeds, except (1) to pay debts of the estate; or (2) to forward or accomplish the final distribution thereof by transfer to those entitled to take under the four equal shares, i.e., that it does not direct sale, but merely authorizes it at the executors' discretion.

As is apparent from its provisions, the will provides for division of the estate into four equal shares, i.e., composed of realty and personalty alike, and devises one of such shares to Nelson C. Hubbard. As long as a different division does not appear of record, each party is, in law, presumed to have accepted a one-fourth interest in the real estate. We do not see wherein the dis-

'cretionary power to make sale on the part of the executors, in absence of any action of record on their part, makes any change in the situation. Nelson C. Hubbard's interest became vested as heretofore mentioned upon the payment of the debts, funeral expenses and specific bequests to be made preceding the division into four shares. Owing to the long lapse of time and the further fact that the executors in 1931 executed deeds to the Memorial Aid Fund from the residue of the fourth equal share, it must be presumed that the interests in the four equal shares had vested prior to that time.

On a general demurrer to a declaration the court always looks to the substantial meaning of its allegation, to ascertain if it states a good cause of action. *Mowry* v. *Miller,* 3 Leigh 561, 24 Am. Dec. 680. The same rule obtains in equity. The demurrer in equity does not admit the truth of the bill, it merely assumes the truth for the sake of argument. If it be overruled, therefore, it does not follow that the plaintiff is entitled to a decree. The bill must be proved, or to be taken *pro confesso* by a rule to answer. *Hays* v. *Heatherly,* 36 W. Va. 613, 15 S. E. 223.

Unquestionably, the court has a right under the statute to the enforcement of a lien such as the plaintiff has obtained. The only question presented is whether the allegations of the bill are sufficient to show that Nelson C. Hubbard probably had an interest at or after the date of the plaintiff's judgment. The plaintiff alleges in effect that Nelson C. Hubbard at sometime during the period 1921 and 1931 became invested with a one-fourth interest in the real estate conveyed during the latter year by the executors. Just when the arrangement was made whereby the real estate divided in paragraph 9 was placed in the share devised under paragraph 13, is a matter for defense and was not necessary to support plaintiff's claim.

This court cannot say that the chancellor below abused his discretion in overruling the demurrer or that the allegation of facts did not warrant that action. *Sig-*

*mond* v. *Forbes,* 110 W. Va. 442, 158 S. E. 677. So, the ruling is therefore affirmed.

*Ruling affirmed.*