ROY REED

*v.*

PAUL D. HIGGINBOTHAM, *et al.*

(No. 9894)

</div>

Submitted January 14, 1947. Decided February 25, 1947.

H. D. *Rollins,* for appellant.

*Goad* and *Goad,* for appellees.

Fox, PRESIDENT:

This appeal involves the correctness of an order entered by the Court of Common Pleas of Kanawha County, and later affirmed by the circuit court of said county, by which a default decree entered by the first-mentioned court, in the chancery cause of Roy Reed against Paul D. Higginbotham and Samuel C. Higginbotham, was set aside, and the defendant, Samuel C. Higginbotham, permitted to present his defense in the suit in which such order was entered.

On November 19, 1945, Roy Reed recovered a judgment against Paul D. Higginbotham, for the sum of $725.00 and $28.85 costs, in the Court of Common Pleas of Kanawha County. On December 3, 1945, an execution was issued and delivered to the sheriff of said county, which execution was later returned "No property found". On the same day the said execution was recorded in the office of the Clerk of the County Court of Kanawha County.

On April 25, 1946, plaintiff instituted a suit in equity in the Court of Common Pleas of Kanawha County against Paul D. Higginbotham and Samuel C. Higginbotham, returnable to May rules, 1945. In his bill the plaintiff sets up the recovery of the judgment in his favor, mentioned above, and it is averred that the obligation on which said judgment was recovered originated in the month of March, 1945, at which time it is alleged that Paul D. Higginbotham was the owner of a certain Packard sedan automobile; that on August 7, 1945, the said Paul D. Higginbotham purported to sell the said automobile to his brother, Samuel C. Higginbotham; and that such pretended sale was a fraud and made for

the sole purpose of hindering, delaying and preventing plaintiff from the enforcement of his lien. In this connection it should be stated that on April 25, 1946, another execution on said judgment was issued, returnable to July rules, 1946, and placed in the hands of the Sheriff of Kanawha County. It appears, from an exhibit filed with the bill, that in the application for a certificate of title evidencing the said transfer, defendant, Samuel C. Higginbotham, under his signature and under his oath, represented, in effect, that he had secured title to the automobile through "gift from brother". The prayer of the bill is that the purported transfer of said automobile be set aside and held for naught; that the said automobile be decreed to be the property of Paul D. Higginbotham, subject to the lien of plaintiff's execution; and that defendant be ordered to surrender the same to the Sheriff of Kanawha County, to the end that he might make sale of the same as provided by law. The prayer also asks that an injunction be awarded restraining and inhibiting the defendants from transferring the automobile during the pendency of the cause. The bill was filed on April 29, 1946, and on the same day an injunction was awarded, restraining the transfer of the automobile, as prayed for in the bill.

Neither defendant appeared in the said suit, and it was matured for hearing at June rules, 1946. On June 18, 1946, the Court of Common Pleas of Kanawha County entered a decree in the cause holding the transfer of the automobile in question to constitute a fraud upon the plaintiff, Roy Reed, in violation of Section 1, Article 1, Chapter 40, of the Code of West Virginia, and that the same was void. It was then ordered that the automobile be subjected to the claim of plaintiff represented by the judgment and execution aforesaid, and that the Sheriff of Kanawha County should seize and impound said automobile, and sell the same at public auction, to the highest bidder, for cash, and distribute the proceeds of such sale, first, to the payment of costs of the sale; second, to the satisfaction of plaintiff's judgment; and the residue, if any, to the defendants as

their interests might appear. On June 24, 1946, the Sheriff of Kanawha County took the automobile into his possession.

On June 27, 1946, Samuel C. Higginbotham appeared and tendered his petition, which was filed, which, in effect, stated that he had received the summons in said chancery cause on May 1, 1946, requiring him to appear on the first Monday in May next, to answer a bill in chancery exhibited against him; that he immediately proceeded to the office of the clerk of the court from which said summons issued, and was told by said clerk that the summons was just a notice that the suit had been brought, and that "you do not have to appear at this time"; that he then left the clerk's office thinking that if there should be a trial he would again be notified in advance thereof; that he did not learn of any action in the cause until June 21, 1946, when he immediately employed counsel and was informed that an order had been entered, whereby his automobile would be attached and sold for the debt of Paul D. Higginbotham, one of the defendants in said suit. He averred that he had a just and valid defense to the claim of the plaintiff, and prayed that the decree of June 18, 1946, as to him, be vacated; and declared null and void; that the case be reopened and heard on its merits; and for general relief. Plaintiff's demurrer to this petition was overruled. Evidence was taken bearing upon the grounds of defense to the original suit, and on July 11, 1946, an order was entered in the cause by which the default decree entered therein on June 18, 1946, was set aside, and the said Samuel C. Higginbotham was given leave to file his answer, and make defense in said cause, to which the plaintiff objected and excepted at the time. This order was affirmed by the Circuit Court of Kanawha County on September 30, 1946, and from the order of the circuit court this appeal is prosecuted.

From the foregoing it will appear that Samuel C. Higginbotham, on whose petition the court entered the order of July 11, 1946, was served with process in the

original suit. He was served with process by having the same delivered to a member of his family over the age of sixteen years, and received actual notice of such process and suit, because he says in his petition that upon receipt of the process he immediately went to the office of the Clerk of the Court of Common Pleas of Kanawha County and made inquiry with respect thereto, and was correctly told that the summons was merely notice of suit, and that he need not appear on that day. It also appears from the record that Higginbotham later and before the decree of June 18, 1946, consulted, but did not employ, counsel at that time, and, prior to June 21, 1946, did nothing toward defending the suit or appearing thereto, in the belief, as stated by him, that there would be a further notice, and that he need not take action until such notice was served on, or otherwise communicated to him. In this situation he permitted the cause against him to mature at rules, and, still not appearing, a decree to be entered on June 18, 1946. On this state of facts, as to which there is no dispute or contradiction, the question presented is whether the said Higginbotham has in his petition, supported by the evidence taken thereon, established the good cause which would warrant a trial court in setting aside the final decree entered by it.

Code, 56-4-52, referring to actions at law, provides that: "If a defendant against whom a judgment is entered in the office, whether an order for an inquiry of damages has been made therein or not, shall, before the end of the term at which it becomes final, appear and plead to issue, and shall, in the cases mentioned in the next preceding section in which an affidavit is required, file such affidavit with his plea, the judgment shall be set aside; but if the judgment has been entered up in court or the order for an inquiry of damages has been executed, it shall not be set aside without good cause be shown therefor. * * *." Many cases hold that such good cause can be made to appear only by a showing of fraud, accident, mistake, surprise or some other adventitious circumstance beyond the control of the party, and free

from neglect on the part of one who seeks the setting aside of a decree or judgment. Such is the holding in *Post* v. *Carr,* 42 W. Va. 72, 24 S. E. 583. In that case, the opinion in which was prepared by Judge Brannon, it was held: "After judgment by default has been entered up in court, or an order of inquiry of damages has been executed, under section 46, chapter 125, Code, it can not be set aside, and a defense to the action be allowed, under section 47, without good cause being shown therefor; and such good cause can only appear by showing fraud, accident, mistake, surprise, or some other adventitious circumstance beyond the control of the party, and free from neglect on his part." The same holding, in substantially the same language, will be found in *Ellis* v. *Gore,* 101 W. Va. 273, 132 S. E. 741; *Gainer* v. *Smith,* 101 W. Va. 314, 132 S. E. 744; *Hill* v. *Long,* 107 W. Va. 664, 150 S. E. 6; *Alkire* v. *Mili, et al.,* 116 W. Va. 277, 180 S. E. 183; *Winona National Bank* v. *Fridley,* 122 W. Va. 479, 10 S. E. 2d 907; *Baker* v. *Gaskins,* 128 W. Va. 427, 36 S. E. 2d 893. The statute quoted above, and on which these holdings are based, seems to have been inherited from Virginia, and finally perfected in this State by Section 47, Chapter 71, Acts of the Legislature, 1882.

We see no reason why these rulings, as applied to actions at law, should not apply with equal force to suits in equity. The basis of the rule is that where a party stands by and neglects the suit or action filed against him, fails to enter a defense which is open to him, and permits judgment or decree to go by default against him, he cannot, at his mere whim, even if he has a just defense, appear and have the case reopened and a trial had on its merits. We are supported in this view by the case of *Sigmond* v. *Forbes,* 110 W. Va. 442, 158 S. E. 677, wherein it is held: "For good cause shown a default decree may be set aside at the same term of court at which it was entered. A misunderstanding among counsel may constitute good cause." In the body of the opinion it is stated: "It is settled law that, for good and sufficient

cause shown, a default decree may be set aside by the trial chancellor at the same term of court at which it was entered, and this Court has defined good cause to be such as 'can only appear by showing fraud, accident, mistake, surprise, or some other adventitious circumstance beyond his (the defendant's) control and free from his neglect.' ", citing *Wilson* v. *Kennedy,* 63 W. Va. 1, 59 S. E. 736; *Bierne* v. *Ray,* 37 W. Va. 571, 16 S. E. 804; *Bartrug* v. *Edgell,* 80 W. Va. 220, 92 S. E. 438; *Sands* v. *Sands,* 103 W. Va. 701, 138 S. E. 463; and it is further stated that: "This is analogous to the setting aside of default judgments under section 47, chapter 125, Code 1923 (Code, 1931, 56-4-52)." *Post* v. *Carr,* 42 W. Va. 72, 24 S. E. 583; *Gainer* v. *Smith,* 101 W. Va. 314, 132 S. E. 744. In the *Sigmond* case, a decree was set aside on grounds which the court considered good cause, but clearly the case is authority for the proposition that the rule as to good cause is the same in both law actions and suits in equity. If anything further were necessary to establish this as the rule in courts of equity, it is afforded by reference by analogy to cases in which judgments at law are attacked in a court of equity. In *Knapp* v. *Snyder,* 15 W. Va. 434, it was held: "A court of chancery will not entertain a party seeking relief against a judgment at law, in consequence of his default, upon grounds which might have been successfully taken in the court of law, unless some reason founded in fraud, accident, surprise, or some adventitious circumstances, beyond the control of the party be shown, why the defense at law was not made.", and it is then stated: "Courts of equity always grant relief in such cases, when it is shown that the reason why the defense at law was not made, is founded in fraud, accident, surprise or some adventitious circumstances beyond the control of the party." To the same effect is *Alford* v. *Moore's Adm'r.,* 15 W. Va. 597, and *Braden* v. *Reitzenberger,* 18 W. Va. 286.

The case of *Arnold* v. *Reynolds,* 121 W. Va. 91, 2 S. E. 2d 433, is not applicable to the case at bar. In that case Arnold instituted his action by way of notice of motion against Reynolds to recover judgment. On the return

day, which was August 4, 1937, neither the defendants nor their counsel appearing, there was a default judgment. On the following day defendants' counsel appeared and moved the court to set aside the judgment, and in support thereof filed his affidavit, in which he stated that he had inquired of the clerk of said court as to whether there would be any court on August 4, 1937, the return day aforesaid, and the same inquiry was made of the sheriff, and he was assured by the clerk and sheriff that the court would not sit on that day for any matter except to take testimony in a divorce suit. He further stated that, if permitted to do so, the defendants would present a defense and insist upon a jury trial. On this statement, which was not controverted by the officials mentioned above, we held that the judgment should have been set aside, on the basis of the rule laid down in *Post* v. *Carr, supra.* In the *Arnold* case the element of mistake, as well as adventitious circumstance beyond the control of the defendants was shown. That situation is not presented in the case at bar. The failure of Samuel C. Higginbotham to appear in the chancery cause and make a defense was due solely to his neglect, for which he has offered no sufficient excuse. If he was under the mistaken impression that another summons, or a notice of some kind as to when the case would be tried would be given, it was a mistake of law, from which he cannot be granted relief. The Court of Common Pleas of Kanawha County and the circuit court of said county were in error in setting aside the decree of June 18, 1946.

We therefore reverse the order of the Circuit Court of Kanawha County, sustaining the action of the court of common pleas of said county in setting aside the decree aforesaid, and remand the cause to the court of common pleas of said county, with direction to set aside its order of July 11, 1946, and reinstate its decree of June 18, 1946.

*Reversed and remanded with direction.*